[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1839

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD MORETTO,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. A. David Mazzone, Senior U.S. District Judge]



Before

Selya, Circuit Judge,

Cyr, Senior Circuit Judge,

and Boudin, Circuit Judge.



Bernard Grossberg with whom Erin K. Kelly was on brief for
appellant.
George W. Vien, Assistant United States Attorney, with whom
Donald K. Stern, United States Attorney, was on brief for the United
States.



June 11, 1997


Per Curiam. Richard Moretto was convicted in 1991 of

conspiracy to distribute cocaine, 21 U.S.C. S 846, and of

witness intimidation, 18 U.S.C. S 1512. At sentencing he was

found to be a career offender based on prior convictions,

U.S.S.G.  S  4B1.1,  and  sentenced to 210 months' imprisonment and

a term of supervised release. This court affirmed both the

conviction and sentence on direct appeal. United States v.

Elwell, 984 F.2d 1289 (1st Cir.), cert. denied, 508 U.S. 945

(1993).

Thereafter,  Moretto succeeded in having a state court set

aside two prior state convictions, undermining his career

offender status. He petitioned under 28 U.S.C. S 2255 to set

aside his original sentence. The district court agreed and,

after  further proceedings in June 1996, resentenced Moretto to

108 months' imprisonment, a term of supervised release, and a

fine of $12,500. Moretto now appeals from this new sentence,

arguing  that  the district court miscalculated the sentence and

improperly imposed a fine.

Although  Moretto's  appeal has been well briefed, we do not

think that the district court erred on any of the issues

presented in this court. The only difficult question is the

calculation of drugs attributed to Moretto, which became

decisive after the career offender label was lifted. The key

evidence was the testimony of Moretto's customer that over a

four  to  five  month  period, he had purchased between one and two

-2- -2-

ounces of cocaine from Moretto every week or other week "or

so."

Averaging, the district court found that it was fair to

attribute to Moretto 14 deliveries of 1.5 ounces apiece.

Twenty ounces (rounded down from 21) equates to 567 grams of

cocaine, which is well over the 500 gram minimum used to

determine Moretto's base offense level of 26. U.S.S.G. 

S 2D1.1(c)(7). Moretto argues now, as he did in the district

court, that such averaging is forbidden by United States v.

Sepulveda ,  15  F.3d  1161,  1197-98 (1st Cir. 1993), cert. denied,

512 U.S. 1223 (1994).

In  United  States  v.  Webst er, 54 F.3d 1, 6 (1st Cir. 1995),

this  court  upheld estimates "drawn from ranges with relatively

tight margins," distinguishing Sepulveda as involving much

wider ranges. Sepulveda itself made clear that the court was

not adopting a "per se rule" in favor of selecting the low

point  in  an  estimated range. 15 F.3d at 1199. We think there

is no magic rule to determine when a mid-range estimate seems

to make sense but the use of such an estimate here does not

appear to us to be clear error.

Further,  the  district  court attributed to Moretto, but did

not include in its calculus, an additional ten ounces of

cocaine provided to the witness by another member of the

conspiracy after Moretto had departed for prison. Since

Moretto had introduced the new seller to the witness for the

-3- -3-

specific purpose of continuing the sales, Moretto is

presumptively liable under the relevant conduct guideline for

foreseeable  transactions effectively arranged by Moretto while

still a working member of the conspiracy. U.S.S.G. S 1B1.3 &

comment.  n.2(c)(6). Even if the district court had arrived at

a low-end estimate of Moretto's own cocaine sales to the

witness, the inclusion of this additional ten ounces (283

grams) in the drug quantity calculus would have resulted in

sentencing  at the same base offense level as the court applied

below. Id. S 2D1.1(c)(7).

Moretto also objects to the district court's refusal to

treat him as a minimal or minor participant deserving a four-

or two-level downward adjustment in his favor on either of

these grounds. U.S.S.G. S 3B1.2. If a lesser member of the

conspiracy were automatically a minimal or minor participant,

Moretto  might  have  a  point; but we do not read the guideline in

that fashion. Here, Moretto played a substantial and

continuing role in the conspiracy, and the district court's

refusal  to  award him "minimal" or "minor" status was not clear

error.

The  district  court's refusal to depart downward, based on

diminished  capacity, U.S.S.G. S 5K2.13, was a factual judgment

not infected by legal error and therefore not subject to

review. United States v. Robles-Torres, 109 F.3d 83, 87 (1st

Cir. 1997). The two-level obstruction of justice adjustment

-4- -4-

was amply justified on the facts and provided for by the

guidelines. U.S.S.G. S 3C1.1. And, there being no evidence

whatever of vindictiveness, the court had authority to impose

a fine on resentencing even though none was imposed in the

initial sentence. North Carolina v. Pearce, 395 U.S. 711

(1969); see also Alabama v. Smith, 490 U.S. 794 (1989).

Affirmed.

-5- -5-