USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1839 UNITED STATES OF AMERICA, Appellee, v. RICHARD MORETTO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, Senior U.S. District Judge] ____________________ Before Selya, Circuit Judge, Cyr, Senior Circuit Judge, and Boudin, Circuit Judge. ____________________ Bernard Grossberg with whom Erin K. Kelly was on brief for appellant. George W. Vien, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for the United States. ____________________ June 11, 1997 ____________________ Per Curiam. Richard Moretto was convicted in 1991 of conspiracy to distribute cocaine, 21 U.S.C. S 846, and of witness intimidation, 18 U.S.C. S 1512. At sentencing he was found to be a career offender based on prior convictions, U.S.S.G.  S  4B1.1,  and  sentenced to 210 months' imprisonment and a term of supervised release. This court affirmed both the conviction and sentence on direct appeal. United States v. Elwell, 984 F.2d 1289 (1st Cir.), cert. denied, 508 U.S. 945 (1993). Thereafter,  Moretto succeeded in having a state court set aside two prior state convictions, undermining his career offender status. He petitioned under 28 U.S.C. S 2255 to set aside his original sentence. The district court agreed and, after  further proceedings in June 1996, resentenced Moretto to 108 months' imprisonment, a term of supervised release, and a fine of $12,500. Moretto now appeals from this new sentence, arguing  that  the district court miscalculated the sentence and improperly imposed a fine. Although  Moretto's  appeal has been well briefed, we do not think that the district court erred on any of the issues presented in this court. The only difficult question is the calculation of drugs attributed to Moretto, which became decisive after the career offender label was lifted. The key evidence was the testimony of Moretto's customer that over a four  to  five  month  period, he had purchased between one and two -2- -2- ounces of cocaine from Moretto every week or other week "or so." Averaging, the district court found that it was fair to attribute to Moretto 14 deliveries of 1.5 ounces apiece. Twenty ounces (rounded down from 21) equates to 567 grams of cocaine, which is well over the 500 gram minimum used to determine Moretto's base offense level of 26. U.S.S.G.  S 2D1.1(c)(7). Moretto argues now, as he did in the district court, that such averaging is forbidden by United States v. Sepulveda ,  15  F.3d  1161,  1197-98 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994). In  United  States  v.  Webst er, 54 F.3d 1, 6 (1st Cir. 1995), this  court  upheld estimates "drawn from ranges with relatively tight margins," distinguishing Sepulveda as involving much wider ranges. Sepulveda itself made clear that the court was not adopting a "per se rule" in favor of selecting the low point  in  an  estimated range. 15 F.3d at 1199. We think there is no magic rule to determine when a mid-range estimate seems to make sense but the use of such an estimate here does not appear to us to be clear error. Further,  the  district  court attributed to Moretto, but did not include in its calculus, an additional ten ounces of cocaine provided to the witness by another member of the conspiracy after Moretto had departed for prison. Since Moretto had introduced the new seller to the witness for the -3- -3- specific purpose of continuing the sales, Moretto is presumptively liable under the relevant conduct guideline for foreseeable  transactions effectively arranged by Moretto while still a working member of the conspiracy. U.S.S.G. S 1B1.3 & comment.  n.2(c)(6). Even if the district court had arrived at a low-end estimate of Moretto's own cocaine sales to the witness, the inclusion of this additional ten ounces (283 grams) in the drug quantity calculus would have resulted in sentencing  at the same base offense level as the court applied below. Id. S 2D1.1(c)(7). Moretto also objects to the district court's refusal to treat him as a minimal or minor participant deserving a four- or two-level downward adjustment in his favor on either of these grounds. U.S.S.G. S 3B1.2. If a lesser member of the conspiracy were automatically a minimal or minor participant, Moretto  might  have  a  point; but we do not read the guideline in that fashion. Here, Moretto played a substantial and continuing role in the conspiracy, and the district court's refusal  to  award him "minimal" or "minor" status was not clear error. The  district  court's refusal to depart downward, based on diminished  capacity, U.S.S.G. S 5K2.13, was a factual judgment not infected by legal error and therefore not subject to review. United States v. Robles-Torres, 109 F.3d 83, 87 (1st Cir. 1997). The two-level obstruction of justice adjustment -4- -4- was amply justified on the facts and provided for by the guidelines. U.S.S.G. S 3C1.1. And, there being no evidence whatever of vindictiveness, the court had authority to impose a fine on resentencing even though none was imposed in the initial sentence. North Carolina v. Pearce, 395 U.S. 711 (1969); see also Alabama v. Smith, 490 U.S. 794 (1989). Affirmed. -5- -5-