Leo James SMITH, Appellant,

v.

Timothy ENGLISH, Superintendent, SCIG, Greensburg; Attorney General of the Commonwealth of Pennsylvania.

No. 02–1386.

United States Court of Appeals, Third Circuit.

Argued Dec. 2, 2003.

Decided Dec. 3, 2003.

Theresa A. Kennedy (Argued), Washington, N.J., for Appellant.

D. Michael Fisher, Attorney General, William H. Ryan, Jr., Executive Deputy Attorney General, Andrea F. McKenna, Senior Deputy Attorney General, Jerome T. Foerster (Argued), Senior Deputy Attorney General, Office of Attorney General of Pennsylvania, Harrisburg, PA, for Appellees.

Before SLOVITER, ALITO and FRIEDMAN,* Circuit Judges.

* Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Petitioner Leo James Smith appeals from the District Court's order dated January 28, 2002 denying his petition for a writ of habeas corpus. A state prisoner convicted of two counts of burglary, Smith contends that the increase in his prison sentence following his successful appeals of the original conviction and sentence following a new trial violated his Fourteenth Amendment Due Process rights. After review, we will affirm the District Court's order.

I.

Background

Smith was convicted by a jury of two counts of burglary in the Pennsylvania Court of Common Pleas on January 31, 1991. He had proceeded *pro se* with standby counsel during trial, but was represented by counsel for sentencing. After a three and a half year delay, Smith received on July 24, 1994 concurrent sentences of nine to twenty years for the conviction. The Pennsylvania Superior Court subsequently reversed Smith's conviction and granted a new trial, finding that Smith had not waived his right to counsel during trial.

Following a second jury trial, Smith was again convicted on September 22, 1995 of two counts of burglary. The trial court subsequently sentenced Smith to twenty to forty years in prison, and denied Smith's motion to modify the sentence. On appeal, the Pennsylvania Superior Court vacated the sentence and remanded for a new sentence, ruling that the trial court failed to cite any identifiable conduct occurring after the first sentencing to justify a new sentence twice the original length. Smith was then resentenced to two concurrent nine to twenty year terms on March 11, 1997, but with the sentences running consecutively to any other sentence Smith was then serving. Smith filed a motion for a new trial or arrest of judgment, which the sentencing court denied. The Superior Court affirmed the new sentence on April 21, 1998, and the Pennsylvania Supreme Court denied Smith's Petition for Allowance of Appeal.

Smith filed a petition for writ of habeas corpus in the District Court for the Western District of Pennsylvania on April 12, 1999. The petition was subsequently transferred to the Middle District of Pennsylvania. In his petition, Smith raised twelve grounds for relief. The District Court subsequently dismissed Smith's petition, finding that Smith had not exhausted all of his claims in state courts. This court then vacated and remanded the case, finding Smith to have fairly presented the claims in state courts. On remand, the District Court denied Smith's petition on the merits on January 28, 2002, and declined to issue a certificate of appealability. This court subsequently granted a certificate of appealability with respect to Smith's claim that his increased sentence violated due process.

II.

Jurisdiction

The District Court has jurisdiction under 28 U.S.C. § 2254. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. Our review of the District Court's order is plenary. Pursuant to 28 U.S.C. § 2254(d), a state court's adverse resolution of a claim of constitutional error provides a basis for federal habeas relief only if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"

or if it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## III.

### Discussion

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), the Supreme Court stated that "Due Process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725. As the Court explained in *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), *Pearce* creates a "presumption of vindictiveness" when the same trial judge imposes a harsher sentence following a new trial after the defendant had successfully appealed his/her original conviction, which presumption "may be overcome only by objective information in the record justifying the increased sentence." *Id.* at 374; *see Chaffin v. Stynchcombe*, 412 U.S. 17, 27, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (finding that the *Pearce* presumption derives from the judge's "personal stake in the prior conviction"). The *Pearce* rule, however, "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). Where there is no "reasonable likelihood" that "the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority ... the burden remains upon the defendant to prove actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 799–800, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

Smith, relying on *Pearce*, contends that the sentencing court vindictively enhanced his prison sentence after he had successfully overturned, on separate appeals, his original guilty verdict and the twenty-to-forty-year sentence following retrial. He contends that the main reason offered by the sentencing judge for enhancing his sentence-his prison misconducts prior to sentencing-is so insubstantial that it indicates the sentencing court's animosity toward him. He further argues that the sentencing court should have credited him with time served from April 6, 1990, the date of his arrest, to March 11, 1997, the date of his final resentencing.

We conclude that the Pennsylvania Superior Court's upholding of Smith's sentence is neither contrary to, nor an unreasonable application of, established federal law. By imposing a new sentence to be served "consecutive to any sentence that [Smith is] currently serving," App. at 24, rather than dating it from April 5, 1990 (as was the case during Smith's first sentencing), the trial judge increased Smith's term of incarceration following retrial. But even if the *Pearce* presumption were applicable, the record clearly presents sufficient evidence to rebut that presumption here. The presentence investigation report on Smith, completed prior to the most recent sentencing, shows four prison misconducts between June, 1994 and December, 1996. While some of these misconducts may be minor infractions such as possession of excessive commissary, others include assault on a correction officer and conducting a gambling operation while in prison. These are serious misconducts that were unknown to the trial judge during Smith's first sentencing hearing, and the trial judge properly considered this objective and material information in imposing an increased sentence following retrial. *See McCullough*, 475 U.S. at 142 ("Nothing in the Constitution requires a judge to ignore

objective information … justifying the increased sentence.") (internal quotation and citation omitted). Moreover, during the most recent sentencing hearing the trial judge exhibited no signs of animosity toward Smith, and had even stated that "I don't find you to be a disagreeable fellow." App. at 23. While such disclaimer alone may be insufficient in overcoming the presumption of vindictiveness, it supports the finding that Smith's new sentence was the product of the trial judge's objective reasoning rather than personal emotions. Therefore, we cannot hold that the Pennsylvania Superior Court unreasonably applied existing federal law in affirming Smith's sentence.

## IV.

### Conclusion

For the foregoing reasons, we will affirm the District Court's order.