FILED

JUL 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRY PAUL HEDIN,

              Petitioner - Appellant,

  v.

CHARLES DANIELS, Warden and J. E.
THOMAS,

              Respondents - Appellees.

No. 08-35653

D.C. No. 3:07-cv-01800-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 13, 2010[**]
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

      Terry Paul Hedin appeals the denial of his 28 U.S.C. § 2241 habeas corpus

petition claiming due process violations by the United States Parole Commission

("the Commission"). Hedin contends that the Commission improperly double-

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

counted a prior offense, that it failed to consider mitigating evidence and to follow its own rules and regulations, and that its actions trigger the presumption of vindictiveness. We affirm.

We review the district court's denial of Hedin's petition de novo. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 981 (9th Cir. 2002). In reviewing the Commission's decisions, however, we determine only "whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process." *Id.* "Judgments 'involving a broad range of factors' that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion." *Id.* at 982 (quoting *Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (en banc)).

First, Hedin argues that the Commission improperly double-counted his offense conduct by using it both to calculate the offense category and to justify a decision exceeding the guideline category. Our circuit has not definitively determined whether such double-counting is permissible. *See Coleman v. Perrill*, 845 F.2d 876, 879 (9th Cir. 1988) (noting that we have stated in dicta that we will permit double-counting in some circumstances, but have suggested disapproval for it in others). We need not reach that question, however, because the Commission did not engage in double-counting. Rather, in calculating the offense category, it

2

relied on its determination that Hedin's offense involved attempted murder, and in justifying a decision exceeding the guideline category, it relied on the aggravating factor of "serious and violent conduct, committed very soon after release on parole for other serious and violent conduct." That "serious and violent conduct" consisted of a string of robberies, one of which involved attempted murder, committed soon after Hedin's release on parole for two prior murder convictions. The Commission therefore justified its decision to exceed the guideline category not because a prior offense involved attempted murder, but because of the history and chronology of Hedin's prior conduct.

Second, Hedin contends that the Commission failed to consider mitigating evidence. That evidence, however, was available to the Commission, and "[w]e cannot presume that the Commission ignored the information favorable to [the petitioner]." *Nunez-Guardado v. Hadden*, 722 F.2d 618, 621 (9th Cir. 1983). The district court therefore properly concluded that the weight accorded mitigating factors is unreviewable and within the Commission's discretion.

Third, Hedin argues that the Commission violated its own rules and regulations, first, by allowing high-level executive staff, including an executive hearings examiner, to make parole decisions rather than following the recommendation of the hearing examiners; and, second, by failing to invalidate the

December 22, 2006, Notice of Action ("NOA") because it had the assent of only one commissioner. Hedin's first argument fails, however, because absent an order directing otherwise, executive hearings examiners function as hearings examiners for purposes of obtaining a panel recommendation, 28 C.F.R. § 2.23(a), and hearings examiners' recommendations are non-binding and become effective only upon approval of a regional commissioner, 28 C.F.R. § 2.23(d). His second fails because the Commission corrected the error by referring the case to a second commissioner for review, thereby conforming with the governing regulations. *See* C.F.R. § 2.24(a) (requiring the vote of two commissioners if the decision does not concur with the examiners' recommendation). The Commission therefore acted within its discretion.

Finally, Hedin contends that the Commission's actions trigger the presumption of vindictiveness because he received a harsher sentence after appealing its initial decision. The presumption of vindictiveness applies when a judge imposes a more severe sentence on retrial. *Alabama v. Smith*, 490 U.S. 794, 798-99 (1989); *see also Bono v. Benov*, 197 F.3d 409, 416-19 (9th Cir. 1999) (applying this rationale to parole decisions). The presumption does not apply here, however, because the Commission issued only one final decision. The National Appeals Board withdrew the first NOA, dated June 29, 2005, because it failed to

4

comply with 28 C.F.R. § 2.24(a), and the second, dated December 20, 2005,

because it failed to comply with 28 C.F.R. § 2.14(c). Only the NOA dated

December 22, 2006, was affirmed and became a final decision. The presumption

therefore does not apply.

AFFIRMED.

5