IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,167






EX PARTE CARL EDDIE MILLER, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT

FROM TRAVIS COUNTY




 Keasler, J., filed a dissenting opinion in which Keller, P.J., and Hervey, J.,
joined.


DISSENTING OPINION ON REHEARING


 I stand by my original determination. Giving deference to counsel's strategic choices, (1)
I would not hold that appellate counsel was ineffective. Again, I presume that appellate
counsel, like trial counsel, did not challenge the sequence of the enhancements because he
knew that the second offense had in fact been committed after the first enhancement offense. 
As I said before, 

 Miller would have been subject to the same sequential felony enhancements
and the same punishment range. Miller would have then faced the prospect of
receiving a harsher sentence the second time around. Therefore, under these
circumstances, a reasonable appellate attorney could have determined that the
risk to Miller outweighed any benefit of receiving a new punishment hearing. 
The majority unjustifiably concludes that counsel rendered deficient
performance because the trial judge, on resentencing, would have been
precluded from assessing a sentence greater than the thirty years originally
assessed. (2) But this is true only if there had been no relevant and damaging
sentencing evidence of (1) Miller's conduct that occurred after his original
sentence was imposed or (2) evidence that the State, despite exercising due
diligence, could not have offered during the first punishment hearing. (3)
 


 Significantly, I also noted, "That the State has not offered any new damaging
punishment evidence in this proceeding does not in any way negate the fact that it retained
the option to do so on resentencing." The majority's determination that the State bears the
burden, under these circumstances, to submit evidence justifying an increased sentence, in
order to rebut Miller's ineffective assistance claim is completely inappropriate. The
majority's opinion is completely speculative and an academic exercise; no one can predict
exactly what will occur by the time of resentencing; circumstances justifying an increased
sentence may not have occurred yet. We should refuse to entertain such uncertainties. This
case is about trial strategy, and there was a valid strategy on counsel's part not to challenge
the sufficiency of the enhancements on direct appeal. When the full logic behind the
majority's decision here is examined, its absurdity comes shining through. Thanks to the
majority appellate attorneys are required to nail down all possibilities by inquiring to the
State about what evidence may or may not be brought in the event of a retrial under these
circumstances. But all this information cannot be known, even to the State. The Court today
imposes a standard that no appellate attorney can or should have to meet. 


DATE DELIVERED: September 22, 2010

PUBLISH 
1. Strickland v. Washington, 466 U.S. 668, 689 (1984). 
2. North Carolina v. Pearce, 395 U.S. 711, 723 (1969), overruled in part by
Alabama v. Smith, 490 U.S. 794, 798 (1989).
3. Pearce, 395 U.S. at 723 ("A trial judge is not constitutionally precluded . . . from
imposing a new sentence, whether greater or less than the original sentence, in the light of
events subsequent to the first trial that may have thrown new light upon the defendant's
"life, health, habits, conduct, and mental and moral propensities.") (quoting Williams v.
New York, 337 U.S. 241, 245 (1949)); Smith, 490 U.S. at 798.