

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-76,167

---

### EX PARTE CARL EDDIE MILLER, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT
### FROM TRAVIS COUNTY

---

**KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.**

### DISSENTING OPINION ON REHEARING

I stand by my original determination. Giving deference to counsel's strategic choices,[1] I would not hold that appellate counsel was ineffective. Again, I presume that appellate counsel, like trial counsel, did not challenge the sequence of the enhancements because he knew that the second offense had in fact been committed after the first enhancement offense. As I said before,

> Miller would have been subject to the same sequential felony enhancements
> and the same punishment range. Miller would have then faced the prospect of

---

[1] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

receiving a harsher sentence the second time around. Therefore, under these circumstances, a reasonable appellate attorney could have determined that the risk to Miller outweighed any benefit of receiving a new punishment hearing. The majority unjustifiably concludes that counsel rendered deficient performance because the trial judge, on resentencing, would have been precluded from assessing a sentence greater than the thirty years originally assessed.[2] But this is true only if there had been no relevant and damaging sentencing evidence of (1) Miller's conduct that occurred after his original sentence was imposed or (2) evidence that the State, despite exercising due diligence, could not have offered during the first punishment hearing.[3]

Significantly, I also noted, "That the State has not offered any new damaging punishment evidence in this proceeding does not in any way negate the fact that it retained the option to do so on resentencing." The majority's determination that the State bears the burden, under these circumstances, to submit evidence justifying an increased sentence, in order to rebut Miller's ineffective assistance claim is completely inappropriate. The majority's opinion is completely speculative and an academic exercise; no one can predict exactly what will occur by the time of resentencing; circumstances justifying an increased sentence may not have occurred yet. We should refuse to entertain such uncertainties. This case is about trial strategy, and there was a valid strategy on counsel's part not to challenge the sufficiency of the enhancements on direct appeal. When the full logic behind the

---

[2] *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 798 (1989).

[3] *Pearce*, 395 U.S. at 723 ("A trial judge is not constitutionally precluded . . . from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities.") (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *Smith*, 490 U.S. at 798.

majority's decision here is examined, its absurdity comes shining through. Thanks to the majority appellate attorneys are required to nail down all possibilities by inquiring to the State about what evidence may or may not be brought in the event of a retrial under these circumstances. But all this information cannot be known, even to the State. The Court today imposes a standard that no appellate attorney can or should have to meet.

DATE DELIVERED: September 22, 2010
PUBLISH