**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4737**

_____

UNITED STATES OF AMERICA,

         Plaintiff – Appellee,

    v.

HENRY LEE CLYBURN,

         Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:04-cr-00148-FDW-1)

_____

Submitted:  February 24, 2011      Decided:  March 17, 2011

_____

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Upon revocation of Henry Lee Clyburn's supervised release, which was imposed as part of his sentence for possession of a firearm by a convicted felon, the district court sentenced Clyburn to twenty-four months' imprisonment and twelve months of supervised release. Clyburn appeals this sentence, asserting five grounds for vacatur: first, that the district court erred in vacating an eleven-month sentence it proposed and proceeding to address Clyburn's request to withdraw his admissions to certain violations of his supervised release; second, that Clyburn's trial counsel rendered ineffective assistance; third, that the district court acted vindictively in sentencing Clyburn to twenty-four months' imprisonment; fourth, that the twenty-four month sentence is plainly unreasonable; and fifth, that the district court erred in imposing the additional twelve-month term of supervised release. We affirm.

I.

Clyburn pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced in November 2005 to fifty-seven months' imprisonment followed by three years of supervised release. Clyburn began serving his term of supervised release on August 7, 2009. In May 2010, Clyburn's

2

probation officer petitioned the district court to revoke Clyburn's supervised release, alleging in the petition that Clyburn had violated his supervised release by traveling to Florida without prior authorization (violation four) and being charged in state court with four criminal offenses: an April 2010 simple assault (violation one), aiding and abetting (violation two), possession of marijuana (violation three), and driving with a revoked license and giving fictitious information to an officer (violation five). In an addendum to the petition, the probation officer alleged that Clyburn had further violated his supervised release by being charged in state court with three additional criminal offenses: resisting a public officer (violation six), lacking an operator's license and giving fictitious information to an officer (violation seven), and simple assault (violation eight).

At the revocation hearing, counsel for the Government moved to dismiss violations three and five and informed the district court that, in exchange for Clyburn's guilty plea to violation one, the Government would dismiss violation two. Clyburn's attorney informed the district court that Clyburn would admit violations one, four, six, seven, and eight, and the district court found that Clyburn had violated his supervised release. The court calculated the advisory policy statement range at five to eleven months' imprisonment, see U.S.

3

Sentencing Guidelines Manual ("USSG") §§ 7B1.1(a)(3), (b), p.s., 7B1.4(a), p.s. (2009), and heard argument from counsel, allocution from Clyburn, and the unsworn statement of the victim of the simple assault at issue in violation one. After discussing relevant sentencing factors, the district court announced a proposed sentence of eleven months' imprisonment, followed by twenty-five months of supervised release. As the court was advising Clyburn of his appellate rights, Clyburn's counsel interrupted and informed the court that Clyburn wished to withdraw his admissions to violations one and eight.

The district court proposed that the Government present its evidence and admonished Clyburn that, as a result of the withdrawal of his admission of guilt to violation one, the agreement with the Government with respect to its dismissal of violation two was no longer binding. The court also advised Clyburn and ensured that he understood that it was no longer bound by its proposed sentence and that he faced a statutory maximum revocation sentence of twenty-four months' imprisonment. The Government dismissed violation eight and presented the testimony of three witnesses pertaining to the assault at issue in violation one. After hearing this testimony and argument from counsel, the district court found that Clyburn committed violations one, two, four, six, and seven and revoked his supervised release. The court again calculated the advisory

4

policy statement range at five to eleven months' imprisonment and sentenced Clyburn to twenty-four months' imprisonment followed by twelve months of supervised release. This appeal followed.

## II.

Clyburn claims that the district erred in vacating the eleven-month prison sentence. In Clyburn's view, the court, by announcing the proposed sentence of eleven months' imprisonment, ascertaining that no party objected to that sentence, and then immediately thereafter advising him of his appellate rights, imposed a revocation sentence of eleven months' imprisonment. Having imposed such a sentence, the court, Clyburn contends, should have then adjourned the revocation proceeding and erred by vacating the eleven-month sentence and proceeding to address his request to withdraw his admissions to violations one and eight.

Because Clyburn did not object to these actions in the district court, we review this claim for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009). To prevail under this standard, Clyburn must establish that an error was made, is plain, and affected his substantial rights. Id. at 1428-29. In the sentencing context, an error affects substantial rights if, absent the error, a lower sentence would

5

have been imposed. United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010).

We conclude that Clyburn fails to make the required showing. His assertion that the district court imposed an eleven-month prison sentence is simply incorrect. Rather, the court merely announced a proposed sentence of eleven months' imprisonment. That the court announced a proposed sentence and then made a seriatim announcement of Clyburn's appellate rights does not, without more, amount to the imposition of that proposed sentence. Because the district court did not impose an eleven-month prison term, Clyburn's claim that the district court erred in vacating that term and proceeding to address his request to withdraw his admissions to violations one and eight is without merit. Clyburn thus fails to show error — plain or otherwise — by the district court, and this claim therefore fails.

## III.

Next, Clyburn suggests that trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010)

6

motion. Id. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

To succeed on his claim, Clyburn must show that (1) trial counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). To satisfy the performance prong, Clyburn must demonstrate that trial counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. The prejudice prong is satisfied if Clyburn can demonstrate that "there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Clyburn asserts that, by informing the district court that he objected to and wished to withdraw his admissions to violations one and eight, trial counsel rendered ineffective assistance by "sell[ing] him out to" the district court. Clyburn, however, fails to explain how counsel's act of informing the district court of Clyburn's position on those violations amounts to performance falling below an objective standard of reasonableness under prevailing professional norms. Moreover, he does not suggest that, but for counsel's error, the result of the revocation hearing would have been different.

7

Accordingly, because ineffective assistance of counsel does not conclusively appear on this record, this claim is not cognizable in this appeal.

IV.

Clyburn also claims that the district court's decision to impose the twenty-four month prison sentence was vindictive. More specifically, he claims that the district court's sentencing decision was motivated by a desire to punish him for expressing his unhappiness with the eleven-month prison sentence. "[I]t is beyond doubt that a sentence enhanced, whether before or after commencement of service, because of the vindictiveness or other plainly improper motive of the trial court would be fundamentally unfair and . . . den[ies] the defendant due process." United States v. Lundien, 769 F.2d 981, 987 (4th Cir. 1985). Generally, however, judicial vindictiveness will not be presumed, and the burden remains with the defendant to prove actual vindictiveness. See Alabama v. Smith, 490 U.S. 794, 799 (1989).

We find no evidence in the record that the district court acted vindictively in sentencing Clyburn to the twenty-four month prison term. After Clyburn withdrew his admissions to violations one and eight, the district court ensured that he understood that the eleven-month sentence was only a proposed

8

sentence it was not bound to impose. Thus, any expectation Clyburn may have had as to the length of his revocation sentence had not crystallized such that it would be unfair to defeat it by allowing the court to hear the Government's evidence on those violations Clyburn belatedly contested. See Lundien, 769 F.2d at 987. Moreover, as the district court explained, it imposed the twenty-four month sentence not to punish Clyburn for withdrawing his admissions, but because that sentence was appropriate in light of relevant 18 U.S.C. § 3553(a) (2006) sentencing factors applicable to revocation sentences.

While Clyburn is correct that the district court based its sentencing decision in part on his behavior at the revocation hearing, a district court may, in imposing a revocation sentence, properly consider the defendant's characteristics and history. 18 U.S.C. § 3553(a)(1), 18 U.S.C.A. § 3583(e) (West 2006 & Supp. 2010). Here, the district court did just that, making note of Clyburn's criminal history and failure to show remorse by admitting his guilt on violation one, and the court's assessment that Clyburn initially agreed to plead guilty to the violation only because he expected that doing so would result in a favorable sentence and not because he was guilty of the violation. Because the record demonstrates valid reasons for the court's imposition of the twenty-four month sentence, there is no basis from which to

9

presume that the court acted with vindictiveness or any other improper motive in imposing the sentence.  See Smith, 490 U.S. at 799.  Accordingly, this claim fails.

V.

Clyburn also summarily claims that the twenty-four month revocation sentence is unreasonable.  This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable."  United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006).  In determining whether a revocation sentence is "plainly unreasonable," we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences."  Id. at 438.  A revocation sentence is procedurally reasonable if the district court considered the Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a supervised release revocation case.  Id. at 440. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Id.  Only if a sentence is found procedurally or substantively unreasonable will we "then decide

10

whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted). A sentence is "plainly" unreasonable if it is clearly or obviously unreasonable. Id.

Clyburn fails to show that his twenty-four month prison sentence is plainly unreasonable. It is undisputed that the sentence does not exceed the applicable statutory maximum of two years' imprisonment, see 18 U.S.C. § 3559(a)(3) (2006); 18 U.S.C.A. § 3583(e)(3), and Clyburn has not asserted or demonstrated any claim of procedural or substantive unreasonableness in the sentence. Accordingly, this claim likewise fails.

## VI.

Finally, Clyburn claims that the district court erred in imposing the additional twelve-month term of supervised release. Because Clyburn did not object to the imposition of the additional term of supervised release at the revocation hearing, we review this claim for plain error. See Puckett, 129 S. Ct. at 1428-29.

Section 3583(h) of Title 18 of the United States Code limits the maximum term of supervised release imposed upon revocation to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was

11

imposed upon revocation of supervised release." 18 U.S.C.A. § 3583(h). Clyburn's gun possession conviction is a Class C felony, see 18 U.S.C. §§ 924(a)(2), 3559(a)(3) (2006), and three years is the statutory maximum term of supervised release authorized for such an offense, see 18 U.S.C.A. § 3583(b)(2). Applying the requirement in § 3583(h) that any term of imprisonment imposed upon revocation be subtracted from the statutorily-authorized term of supervised release, the district court here was permitted to impose up to a one-year term of supervised release upon revocation. That is exactly the sentence the district court imposed. This sentence complies with the applicable statutes and, contrary to Clyburn's argument, the relevant policy statement, see USSG § 7B1.3(g)(2), p.s.

## VII.

Accordingly, we affirm the district court's judgment and deny as moot Clyburn's motion to expedite our decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

12