# ALABAMA *v.* SMITH

No. 88–333.   Argued April 24, 1989—Decided June 12, 1989

REHNQUIST, C. J., delivered the opinion of the Court, in which BRENNAN, WHITE, BLACKMUN, STEVENS, O'CONNOR, SCALIA, and KENNEDY, JJ., joined. MARSHALL, J., filed a dissenting opinion, *post*, p. 803.

*P. David Bjurberg*, Assistant Attorney General of Alabama, argued the cause for petitioner. With him on the briefs were *Don Siegelman*, Attorney General, and *Rosa Hamlett Davis* and *J. Randall McNeill*, Assistant Attorneys General.

*Paul J. Larkin, Jr.*, argued the cause for the United States as *amicus curiae* urging reversal. On the brief were *Acting Solicitor General Bryson, Assistant Attorney General Dennis*, and *Lawrence S. Robbins*.

*Delores R. Boyd*, by appointment of the Court, 489 U. S. 1063, argued the cause and filed a brief for respondent.

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

James Lewis Smith pleaded guilty to charges of burglary and rape. In exchange for the plea, a sodomy charge was dropped. Later, Smith succeeded in having his guilty plea vacated. He went to trial on the three original charges, was convicted on each, and received a longer sentence on the burglary conviction than had been given after his guilty plea. The Alabama Supreme Court held that this increased sentence created a presumption of vindictiveness similar to that set forth in *North Carolina* v. *Pearce*, 395 U. S. 711 (1969). We hold that no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial.

In 1985, an Alabama grand jury indicted Smith for burglary, rape, and sodomy. All the charges related to a single

assault.  Smith agreed to plead guilty to the burglary and rape charges in exchange for the State's agreement to dismiss the sodomy charge.  The trial court granted the State's motion to dismiss the sodomy charge, accepted respondent's guilty plea, and sentenced him to concurrent terms of 30-years' imprisonment on each conviction.  Later, respondent moved to withdraw his guilty plea, claiming that he had not entered it knowingly and voluntarily.  The trial court denied this motion, but the Alabama Court of Criminal Appeals reversed, finding that respondent had not been properly informed of the penalties associated with the crimes to which he had pleaded guilty.  494 So. 2d 182 (1986).

The case was reassigned to the same trial judge.  The State moved to reinstate the charge of first-degree sodomy; the trial court granted that motion, and respondent went to trial on all three original charges.  At trial, the victim testified that respondent had broken into her home in the middle of the night, clad only in his underwear and a ski mask and wielding a kitchen knife.  Holding the knife to her chest, he had raped and sodomized her repeatedly and forced her to engage in oral sex with him.  The attack, which lasted for more than an hour, occurred in the victim's own bedroom, just across the hall from the room in which her three young children lay sleeping.  The State also offered respondent's postarrest statement, in which he admitted many of the details of the offenses.  Respondent later took the stand and repudiated his postarrest statement, testifying instead that he had been in bed with his girl friend at the time the attack took place.

The jury returned a verdict of guilty on all three counts.  This time, the trial judge imposed a term of life imprisonment for the burglary conviction, plus a concurrent term of life imprisonment on the sodomy conviction and a consecutive term of 150 years' imprisonment on the rape conviction.  The trial court explained that it was imposing a harsher sen-

tence than it had imposed following respondent's guilty plea because the evidence presented at trial, of which it had been unaware at the time it imposed sentence on the guilty plea, convinced it that the original sentence had been too lenient. See App. to Pet. for Cert. 28–30. As the court explained, at the time it imposed sentence on the guilty plea, it had heard only "[respondent's] side of the story"; whereas now, it "has had a trial and heard all of the evidence," including testimony that respondent had raped the victim at least five times, forced her to engage in oral sex with him, and threatened her life with a knife. *Ibid.* The court stated that this new information about the nature of respondent's crimes and their impact on the victim, together with its observations of his "mental outlook on [the offenses] and [his] position during the trial," convinced it that it was "proper to increase the sentence beyond that which was given to [him] on the plea bargain." *Id.,* at 30.

The Alabama Court of Criminal Appeals affirmed respondent's convictions, as well as the life sentences imposed for burglary and sodomy, but remanded the rape conviction for resentencing. The Supreme Court of Alabama then granted respondent's request for review of the burglary sentence, and reversed and remanded by a divided vote. *Ex parte Smith,* 557 So. 2d 13 (1988). The majority held that under our decision in *North Carolina* v. *Pearce, supra,* there can be no increase in sentence "upon reconviction at [a] second trial after the first conviction has been overturned on appeal and remanded for a new trial," unless the increase is justified by "'events subsequent to the first trial.'" 557 So. 2d, at 15. Because the majority thought the trial court had increased respondent's sentence for the burglary conviction based on new information about events occurring *prior* to the imposition of the original sentence—*e. g.,* new information about the nature of the crime and its effect on the victim—the majority held that *Pearce* required it to set aside that sentence.

The three dissenting justices argued that the *Pearce* presumption of vindictiveness did not apply where the original sentence is entered after a guilty plea. *Id.*, at 16. In their view, a defendant "should not be allowed to receive sentence concessions in return for a guilty plea and then, after a successful attack on that plea, bind the State to its original sentencing bargain if he is later convicted after a trial." *Id.*, at 17. Were it otherwise, they argued, a defendant "could go to trial and chance an acquittal knowing he could receive a sentence no harsher than he was originally given." *Ibid.*[1]

Because of the conflicting results reached by the lower courts on the question whether the *Pearce* presumption of vindictiveness applies when a sentence imposed after trial is greater than that previously imposed after a guilty plea,[2] we granted certiorari, 488 U. S. 1003 (1989), and now reverse.

While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment, see *Williams* v. *New York*, 337 U. S. 241, 245–249 (1949), we have recognized it must not be exercised with the purpose of punishing a successful appeal. *Pearce*, 395 U. S., at 723–725. "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.*, at 725. "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear." *Id.* at 726. Otherwise, a presump-

---

[1] The State filed an application for rehearing, which the Supreme Court of Alabama denied. App. to Pet. for Cert. 15. This time four justices dissented.

[2] Compare, for example, the Alabama Supreme Court's decision in the instant case, *Ex parte Smith*, 557 So. 2d 13 (1988), *State* v. *Sutton*, 197 Conn. 485, 498 A. 2d 65 (1985), and *United States* v. *Gilliss*, 645 F. 2d 1269 (CA8 1981), with *State* v. *Bawdon*, 386 N. W. 2d 484 (S. D. 1986), and *McKenzie* v. *Risley*, 842 F. 2d 1525, 1536–1537 (CA9 1988) (en banc).

tion arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by "'objective information . . . justifying the increased sentence.'" *Texas* v. *McCullough*, 475 U. S. 134, 142 (1986) (quoting *United States* v. *Goodwin*, 457 U. S. 368, 374 (1982)).

While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas* v. *McCullough*, 475 U. S., at 138. As we explained in *Texas* v. *McCullough*, "the evil the *[Pearce]* Court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." *Ibid.* See also *Chaffin* v. *Stynchcombe*, 412 U. S. 17, 25 (1973) (the *Pearce* presumption was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against *vindictiveness* in the resentencing process"). Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct," *United States* v. *Goodwin*, *supra*, at 373, we have limited its application, like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],'" to circumstances "where its 'objectives are thought most efficaciously served,'" *Texas* v. *McCullough*, *supra*, at 138, quoting *Stone* v. *Powell*, 428 U. S. 465, 482, 487 (1976). Such circumstances are those in which there is a "reasonable likelihood," *United States* v. *Goodwin*, *supra*, at 373, that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindic-

tiveness, see *Wasman* v. *United States*, 468 U. S. 559, 569 (1984).

In *Colten* v. *Kentucky*, 407 U. S. 104 (1972), for example, we refused to apply the presumption when the increased sentence was imposed by the second court in a two-tiered system which gave a defendant convicted of a misdemeanor in an inferior court the right to trial *de novo* in a superior court. We observed that the trial *de novo* represented a "completely fresh determination of guilt or innocence" by a court that was not being "asked to do over what it thought it had already done correctly." *Id.*, at 117. If the *de novo* trial resulted in a greater penalty, we said that "it no more follows that such a sentence is a vindictive penalty . . . than that the inferior court imposed a lenient penalty." *Ibid.* Consequently, we rejected the proposition that greater penalties on retrial were explained by vindictiveness "with sufficient frequency to warrant the imposition of a prophylactic rule." *Id.*, at 116. Similarly, in *Chaffin* v. *Stynchcombe*, 412 U. S. 17 (1973), we held that no presumption of vindictiveness arose when a second jury, on retrial following a successful appeal, imposed a higher sentence than a prior jury. We thought that a second jury was unlikely to have a "personal stake" in the prior conviction or to be "sensitive to the institutional interests that might occasion higher sentences."[3] *Id.*, at 26–28.

---

[3] We adopted a similar prophylactic rule to guard against vindictiveness by the prosecutor at the postconviction stage in *Blackledge* v. *Perry*, 417 U. S. 21 (1974). There the prosecutor charged the defendant with a felony when the latter availed himself of *de novo* review of his initial conviction of a misdemeanor for the same conduct. He received a sentence of five to seven years for the felony compared to the 6-month sentence he had received for the misdemeanor. On these facts, we concluded that a presumption of vindictiveness arose analogous to that in *Pearce* because the "prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing." *Id.*, at 27. We made clear, however, that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic

We think the same reasoning leads to the conclusion that when a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to the vindictiveness on the part of the sentencing judge. Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial. A guilty plea must be both "voluntary" and "intelligent," *Boykin* v. *Alabama*, 395 U. S. 238, 242 (1969), because it "is the defendant's admission in open court that he committed the acts charged in the indictment," *Brady* v. *United States*, 397 U. S. 742, 748 (1970). But the sort of information which satisfies this requirement will usually be far less than that brought out in a full trial on the merits.

As this case demonstrates, *supra*, at 796–797, in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. *Supra*, at 797. See *United States* v. *Grayson*, 438 U. S. 41, 53 (1978) (sentencing authority's perception of the truthfulness of a defendant testifying on his own behalf may be considered in sentencing). Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present. See *Brady* v. *United States*, *supra*, at 752. Here, too, although the same judge who sentenced following the guilty plea also imposes sentence following trial, in conducting the trial the court is not simply "do[ing] over what it thought it had already done correctly." *Colten*, *supra*, at

likelihood of 'vindictiveness.'" *Ibid.* And in our other cases dealing with pretrial prosecutorial decisions to modify the charges against a defendant, we have continued to stress that "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." *United States* v. *Goodwin*, 457 U. S. 368, 384 (1982); *Bordenkircher* v. *Hayes*, 434 U. S. 357 (1978).

117.   Each of these factors distinguishes the present case, and others like it, from cases like *Pearce*.   There, the sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness.   In cases like the present one, however, we think there are enough justifications for a heavier second sentence that it cannot be said to be more likely than not that a judge who imposes one is motivated by vindictiveness.

Our conclusion here is not consistent with *Simpson* v. *Rice*, the companion case to *North Carolina* v. *Pearce*.   In *Simpson* v. *Rice*, the complained-of sentence followed trial after Rice had successfully attacked his previous guilty plea. 395 U. S., at 714.   We found that a presumption of vindictiveness arose when the State offered "no evidence attempting to justify the increase in Rice's original sentences . . . ." *Id.*, at 726.   With respect, it does not appear that the Court gave any consideration to a possible distinction between the *Pearce* case, in which differing sentences were imposed after two trials, and the *Rice* case, in which the first sentence was entered on a guilty plea.

The failure in *Simpson* v. *Rice* to note the distinction just described stems in part from that case's having been decided before some important developments in the constitutional law of guilty pleas.   A guilty plea may justify leniency, *Brady* v. *United States, supra;* a prosecutor may offer a "recommendation of a lenient sentence or a reduction of charges" as part of the plea bargaining process, *Bordenkircher* v. *Hayes*, 434 U. S. 357, 363 (1978), and we have upheld the prosecutorial practice of threatening a defendant with increased charges if he does not plead guilty, and following through on that threat if the defendant insists on his right to stand trial, *ibid.;* we have recognized that the same mutual

interests that support the practice of plea bargaining to avoid trial may also be pursued directly by providing for a more lenient sentence if the defendant pleads guilty, *Corbitt* v. *New Jersey*, 439 U. S. 212, 221–223 (1978).

Part of the reason for now reaching a conclusion different from that reached in *Simpson* v. *Rice*, therefore, is the later development of this constitutional law relating to guilty pleas. Part is the Court's failure in *Simpson* to note the greater amount of sentencing information that a trial generally affords as compared to a guilty plea. Believing, as we do, that there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea, we overrule *Simpson* v. *Rice*, *supra*, to that extent. Respondent contends that there is evidence to support a finding of actual vindictiveness on the part of the sentencing judge in this case. This is not the question upon which we granted certiorari, and we decline to reach it here although it may be open to respondent on our remand to the Supreme Court of Alabama.

The judgment of the Supreme Court of Alabama is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

JUSTICE MARSHALL, dissenting.

After successfully challenging the validity of his plea bargain on the ground that the trial judge had misinformed him about the penalties he could face, respondent Smith went to trial. He was convicted and resentenced to a drastically *longer* sentence than the one he had initially received as a result of his plea bargain. The majority today finds no infirmity in this result. I, however, continue to believe that, "if for *any* reason a new trial is granted and there is a conviction a second time, the second penalty imposed cannot exceed the first penalty, if respect is had for the guarantee against

double jeopardy." *North Carolina* v. *Pearce*, 395 U. S. 711, 726–727 (1969) (Douglas, J., concurring, joined by MAR-SHALL, J.) (emphasis added).  I therefore dissent.