Gregory CHILDERS, Petitioner,

v.

Parole Agent Julie GOLDMAN and M.D.O.C. Director Kenneth McGinnis, Respondents.

No. 99–CV–73711–DT.

United States District Court, E.D. Michigan, Southern Division.

July 6, 2000.

Gregory D. Childers, Pontiac, MI, pro se.

Debra M. Gagliardi, A.A.G., Habeas Corpus Division, Lansing, MI, for defendant.

## *OPINION*

DUGGAN, District Judge.

On July 28, 1999, Petitioner Gregory Dean Childers, a state prisoner presently on parole, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his trial and conviction in Oakland County Circuit Court following a previous military court-martial and conviction for the same conduct violated both the Due Process and Double Jeopardy Clauses of the United States Constitution. For the reasons stated below, the petition shall be denied.

### *Background*

In April 1992, Petitioner, then a gunnery sergeant in the United States Marine Corps stationed at Camp Pendleton, California, was court-martialed for allegedly raping and sodomizing his minor daughter at various locations throughout the United States, including Michigan. Petitioner was charged with four counts of rape, 10 U.S.C. § 920, four counts of sodomy, 10 U.S.C. § 925, and two counts of indecent liberties, 10 U.S.C. § 934. The charges against Petitioner included charges stemming from conduct that allegedly occurred in Michigan sometime between May and September 1989, and in August 1990. Petitioner pled guilty to seven of the ten counts, including the rape and sodomy charges stemming from his alleged conduct in Michigan during August of 1990, and was sentenced to twenty-four months confinement. The rape and sodomy charges stemming from his alleged conduct in Michigan between May and September 1989, however, were apparently withdrawn.

In July 1993, Petitioner was extradited to Michigan where he was charged in Oakland County Circuit Court with four counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520, stemming from the same conduct upon which his military charges were based. Petitioner, reserving the right to appeal the issue of double jeopardy, pled *nolo contendere* to all four counts and received four sentences of two to twenty years to be served concurrent with his military sentence.

On appeal, the Michigan Court of Appeals affirmed Petitioner's convictions stemming from his alleged conduct between May and September 1989. According to the court of appeals, Petitioner's subsequent state court convictions for these counts did not subject Petitioner to double jeopardy because they were predicated upon acts for which Petitioner's military charges had been withdrawn. The court of appeals, however, reversed Petitioner's convictions stemming from his alleged conduct in August 1990 as duplicative of his prior military convictions in violation of Michigan's constitutional bar against double jeopardy. *People v. Childers*, 218 Mich.App. 431, 554 N.W.2d 336 (1996). Subsequently, the Michigan Supreme Court reversed the court of appeals and reinstated all of Petitioner's convictions, finding that Petitioner's convictions did not violate the Double Jeopardy Clause of the Michigan constitution. *People v. Childers*, 459 Mich. 216, 223, 587 N.W.2d 17 (1998).

On habeas review, Petitioner asserts that his state prosecution and convictions (1) violated the United States Constitution's prohibition against double jeopardy[1] and (2) denied Petitioner due process, including the right to a fair and impartial trial.[2]

---

1. Petitioner also asserts that his state court convictions violated the Double Jeopardy Clause of the Michigan Constitution. However, federal habeas relief is only available for violations of "the Constitution or laws or trea- ties of the United States." 28 U.S.C. § 2254(a). Therefore, to the extent that Petitioner's arguments are premised upon a violation of the Michigan Constitution, they are rejected.

### Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (holding that the AEDPA applies to all habeas cases filed after the AEDPA's effective date of April 24, 1996). As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Recently, the United States Supreme Court summarized the proper standard of review under § 2254(d) as follows:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Under the "unreasonable application" prong of § 2254(d), the Court must determine "whether the state court's application of clearly established federal law was *objectively unreasonable." Id.* at 1521 (emphasis added). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 1521–22.

### I. Double Jeopardy

Petitioner asserts that his convictions in the Oakland County Circuit Court violated the Double Jeopardy Clause of the United States Constitution. The Fifth Amendment provides that no person "shall be subject for the same offense to be twice

---

**2.** Neither the Michigan Court of Appeals, nor the Michigan Supreme Court, specifically discussed whether Petitioner's convictions violated the Double Jeopardy Clause of the United States Constitution. Furthermore, the Court has not been furnished with a copy of Petitioner's pleadings before the state courts. Therefore, it is unclear whether Petitioner has exhausted his state court remedies with respect to his double jeopardy claim. Respondent, however, does contend that Petitioner has failed to exhaust his state court remedies with respect to his due process claims. Nonetheless, because the Court is satisfied that the petition should be denied on the merits, it will address all of the issues raised in the petition despite the fact that one or more of the issues may not have been fully exhausted in state court. *See* 28 U.S.C. § 2254(b)(2).

put in jeopardy of life or limb." U.S. CONST. amend. V. The United States Supreme Court has explained that the Double Jeopardy Clause of the Fifth Amendment protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for a single offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

■ It is undisputed that Petitioner's military and Michigan convictions were based upon the same alleged conduct. However, there is no Fifth Amendment violation where a defendant is prosecuted for the same act by both state and federal entities. *See Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Under the dual sovereignty doctrine, one act may be considered two distinct offenses; "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922). The critical issue "is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two entities draw their authority to punish the offender from distinct sources of power." *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985).

■ A military prosecution is a federal proceeding for purposes of double jeopardy analysis. *See United States v. Talbot,* 825 F.2d 991 (6th Cir.1987). Moreover, the United States Supreme Court has "uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." *Heath,* 474 U.S. at 89, 106 S.Ct. at 437.

■ Accordingly, Petitioner has failed to demonstrate that he was exposed to double jeopardy under the United States Constitution. Petitioner's military and subsequent state proceedings constituted two prosecutions by two separate sovereigns for two distinct sets of offenses. Therefore, this Court is satisfied that Michigan's adjudication resulted in a decision that was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

## II. *Due Process*

Petitioner also contends that he was deprived of the right to a fair trial and denied due process under the Fourteenth Amendment to the United States Constitution because the Michigan Supreme Court misapplied Michigan law. According to Petitioner, the Michigan Supreme Court deliberately "us[ed] false, invalid and presumptuous statements and opinions, as well as incorrect statements of law" in order to sustain Petitioner's convictions. (Pet'r Br. at 2).

■ Although Petitioner has framed his argument in terms of due process under the Fourteenth Amendment, Petitioner has cited no federal law in support of his argument. Rather, Petitioner simply contends that the Michigan Supreme Court deliberately misapplied its own precedent, as set forth in *People v. Cooper,* 398 Mich. 459 (1976), in order to sustain his convictions. A federal court, however, may not issue a writ of habeas corpus based upon a perceived error of state law. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Accordingly, Petitioner's argument is rejected.

### Conclusion

Because Petitioner has failed to establish a violation of his federal constitutional protection against double jeopardy or a denial of his federal constitutional right to due process, his petition for a writ of habeas corpus shall be denied.

An Judgment consistent with this Opinion shall issue forthwith.