IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,167






EX PARTE CARL EDDIE MILLER, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT

FROM TRAVIS COUNTY




 Keasler, J., filed a concurring and dissenting opinion in which Keller, P.J.,
and Hervey, J., joined.


CONCURRING AND DISSENTING OPINION 


 I do not agree with the majority's decision to hold that appellate counsel was
ineffective for failing to challenge the legality of Carl Eddie Miller's sentence. As the
majority observes, we are required to presume that counsel provided "reasonable professional
assistance" and that the "challenged action 'might be considered sound trial strategy.'" (1) The
record indicates that trial counsel did not challenge the sequence of the enhancements
because he knew that the second offense had in fact been committed after the first 
enhancement offense. So while the pen packets submitted at trial did not prove that Miller's
first enhancement conviction was final before he committed the second enhancement offense,
the sequential enhancements were nevertheless proper. I cannot presume that appellate
counsel did not research this issue and reach the same conclusion. Knowing that Miller was
indeed subject to sequential felony enhancements, it is not unreasonable to conclude that he
made a strategic decision not to challenge the legality of Miller's sentence on appeal. Had
appellate counsel raised the issue on appeal, the court of appeals would have granted Miller
a new punishment hearing. But prevailing under these circumstances may have been
regarded as a hollow victory. Miller would have been subject to the same sequential felony
enhancements and the same punishment range. Miller would have then faced the prospect
of receiving a harsher sentence the second time around. Therefore, under these
circumstances, a reasonable appellate attorney could have determined that the risk to Miller
outweighed any benefit of receiving a new punishment hearing. The majority unjustifiably
concludes that counsel rendered deficient performance because the trial judge, on
resentencing, would have been precluded from assessing a sentence greater than the thirty
years originally assessed. (2) But this is true only if there had been no relevant and damaging
sentencing evidence of (1) Miller's conduct that occurred after his original sentence was
imposed or (2) evidence that the State, despite exercising due diligence, could not have 
offered during the first punishment hearing. (3)
 That the State has not offered any new
damaging punishment evidence in this proceeding does not in any way negate the fact that
it retained the option to do so on resentencing. The potential consequences involved in
challenging the legality of Miller's sentence, which we should assume that appellate counsel
took into account, remain true today. When reassessing punishment, the trial judge will have
the opportunity to consider any skeletons in Miller's closet that were not available when he
was first sentenced. In the end, with his original sentence at the low end of the applicable
punishment range, Miller may come to regret his decision to advance this claim on habeas. 



DATE DELIVERED: October 28, 2009

PUBLISH 
1. Strickland v. Washington, 466 U.S. 668, 689 (1984). 
2. North Carolina v. Pearce, 395 U.S. 711, 723 (1969), overruled in part by
Alabama v. Smith, 490 U.S. 794, 798 (1989).
3. Pearce, 395 U.S. at 723 ("A trial judge is not constitutionally precluded . . . from
imposing a new sentence, whether greater or less than the original sentence, in the light of
events subsequent to the first trial that may have thrown new light upon the defendant's
"life, health, habits, conduct, and mental and moral propensities.") (quoting Williams v.
New York, 337 U.S. 241, 245 (1949)); Smith, 490 U.S. at 798.