PAEZ, Circuit Judge,
dissenting.
I respectfully dissent. Because I would reverse the denial of Alexander’s petition on the basis that the presumption of vindictiveness arose and remand for further proceedings, I review the petition under AEDPA for whether the Washington Su *932 preme Court’s decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States!.]” 28 U.S.C. § 2254(d)(1).
There are two ways to show prosecutorial vindictiveness: (1) through a “presumption of vindictiveness” analysis or (2) by proving “actual vindictiveness.” Alabama v. Smith, 490 U.S. 794, 798-99, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The presumption arises “only in cases in which a reasonable likelihood of vindictiveness exists.” United States v. Goodwin, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); see also Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (referring to a “realistic likelihood of ‘vindictiveness’ ”). “[I]n certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to ‘presume’ an improper vindictive motive.” Goodwin, 457 U.S. at 373, 102 S.Ct. 2485.
In denying Alexander’s claim that a presumption of prosecutorial vindictiveness arose, the Washington Supreme Court unreasonably applied clearly established Supreme Court law, as established in Black-ledge, 417 U.S. 21, 94 S.Ct. 2098, and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Smith, 490 U.S. 794, 109 S.Ct. 2201.
Fourteen years after seeking a second degree felony murder conviction against Alexander, the State sought a conviction “equivalent to murder in the first degree,” and recommended a sentence nearly double what it had originally sought. In the fourteen years between the first and second prosecution, the facts surrounding the victim’s death remain the same. And the first-degree-murder-equivalent offense had been available fourteen years earlier.
The Washington Supreme Court ruled “on different grounds” than the state court of appeals and concluded that the presumption of vindictiveness did not arise, emphasizing the change in Washington State law that had eliminated the legal basis for Alexander’s second degree felony murder conviction. This change in law justified a new charge against Alexander, but did not justify the heightened charge and nearly doubled sentence recommendation. See Wasman v. United States, 468 U.S. 559, 571, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).
The Washington Supreme Court cited one state case, State v. Korum, 157 Wash.2d 614, 141 P.3d 13 (2006). In Ko-rum, disparate sentences stemmed from a “prosecutor’s decision to add new charges after Korum withdrew his guilty plea.” Korum, 141 P.3d at 23 (footnote omitted). Here, Alexander exercised his right to vacate his conviction on the basis of a change in state law, which resulted in a new trial. Similarly, in Blackledge, “the Court was dealing with the State’s unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction — a situation ‘very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power.’ ” Bordenkircher v. Hayes, 434 U.S. 357, 362, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (citation omitted). Thus, Korum does not support denying the presumption in Alexander’s case.
The Washington Supreme Court also improperly cited “the severity of the allegations” against Alexander. No matter how horrible the original facts were, the State relied on those same facts in 2005. The State charged a more serious crime and changed its sentence recommendation upward from 360 months in 1991, to 640 *933 months after Alexander successfully vacated his original conviction and was convicted of homicide by abuse. In initially recommending 360 months,, the State had ruled out a sentence as high as 720 months because “the assault on [the victim] leading to his death occurred over a much shorter period of time than in [cases imposing 720-month sentences], and [this victim’s] suffering was cut short when he went into cardiac and respiratory arrest.” Those facts did not change. Yet Alexander faced a more serious charge and sentencing recommendation after exercising his right to vacate his prior sentence. Cf. Blackledge, 417 U.S. at 28, 28 n. 6, 94 S.Ct. 2098.
The majority notes that a different prosecutor prosecuted Alexander in 2005, but the Supreme Court recognizes “the institutional bias inherent in the judicial system against the retrial of issues that have already been decided.” Goodwin, 457 U.S. at 376, 102 S.Ct. 2485. “[T]he same institutional pressure that supports [doctrines like stare decisis and res judicata] might also subconsciously motivate a vindictive prosecutorial or judicial response to a defendant’s exercise of his. right to obtain a retrial of a decided question.” Id. at 377, 102 S.Ct. 2485. The change in prosecutor does not prevent the presumption of vindictiveness from arising. And it was an unreasonable application of Pearce, 395 U.S. 711, 89 S.Ct. 2072, Blackledge, 417 U.S. 21, 94 S.Ct. 2098, and Goodwin, 457 U.S. 368, 102 S.Ct. 2485, to conclude otherwise.
Finally, the majority concludes that even if the presumption arose, the State offers objective information to rebut it. I would remand to the district court for further proceedings because the State has yet to produce “objective information in the record justifying the increased sentence.” Wasman, 468 U.S. at 565, 104 S.Ct. 3217 (quoting Goodwin, 457 U.S. at 374, 102 S.Ct. 2485) (emphasis added and quotation marks omitted). The majority considers what charge “the new prosecutor had to pick[,]” its elements, and the State’s reliance on the same aggravating circumstances as it had alleged in 1991. Again, these considerations explain a prosecution fourteen years later, but do not justify a prosecution for a more serious but previously available charge coupled with a nearly doubled sentencing recommendation.
For the reasons above, I would reverse the denial of Alexander’s habeas petition on the ground that the presumption of vindictiveness arose in this case and remand to the district court for further proceedings.