*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-365

FEBRUARY TERM, 2015

| | | |
|---|---|---|
| Town of Colchester | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, |
| v. | } | Environmental Division |
| | } | |
| Robert K. Andres | } | DOCKET NO. 30-3-11 Vtec |

Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the trial court's order on remand imposing fines for his conversion of a residential camp to a year-round dwelling in violation of town zoning regulations. We affirm.

The trial court issued its original merits decision in January 2013. It found that defendant violated town zoning regulations by failing to apply for and obtain a change-of-use permit when he began using his seasonal residence on a year-round basis. The court also found that the camp was served by an unpermitted onsite waste water disposal system that did not conform to town or state regulations. This system was allowed as a preexisting nonconformity subject to defendant not changing the seasonal use of his camp. The court found that, as of the date of trial, and even after receiving multiple notices from the town directing him to do so, defendant still had not applied for or received a change-of-use permit, or completed any improvements to his waste disposal system.

The court recounted that defendant had been served with notices of violation (NOV) in 2002, 2004, and 2010. The town had also cited defendant for his zoning violation by issuing him municipal ordinance violation tickets authorized under 24 V.S.A. § 1974a(d). Defendant chose not to answer any of these prior zoning violation notices. He suffered default judgments on the municipal tickets. Defendant asserted at trial that he had sought to reopen at least one of these default judgments, and he pledged to provide the court, post-trial, with any communication from the Vermont Judicial Bureau evidencing his request to have the judgment reopened. Defendant did not, however, make any further filings with the court.

The court explained that Vermont municipalities were entitled to claim and collect fines of up to $100.00 for each day that a zoning violation continued after the municipality provided the property owner with notice and an opportunity to cure the violation. See 24 V.S.A. § 4451(a) (2012). The court had "the discretion to determine the amount of [the] fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act[, 10 V.S.A. § 8010(b)]." City of St. Albans v. Hayford, 2008 VT 36, ¶ 17, 183 Vt. 596 (mem.). The court found that the town had presented evidence that it and its attorneys incurred labor costs and legal fees in response to defendant's zoning violations in excess of $15,280. Defendant did not

contradict or object to the town's cost estimates. The court made numerous findings in light of the considerations set forth by statute for determining fines, and concluded that a fine of $45.00 for each day of defendant's violations was warranted. It thus awarded judgment to the town and imposed fines against defendant of $21,840. The court also granted injunctive relief to the town, prohibiting defendant from using the camp on a year-round basis until defendant secured all necessary permits and approvals from the town.

Defendant appealed to this Court. In a November 2013 entry order, the Court found sufficient evidence to support the trial court's finding that defendant converted the camp to a year-round dwelling without a permit. Town of Colchester v. Andres, No. 2013-081, 2013 WL 9055944, at *2 (Vt. Nov. 20, 2013) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. The Court concluded, however, that the trial court erred by including days of allowable seasonal use (between April 1, 2011 and October 31, 2011) in its fine calculation. Id. at *3. We stated "that the violation here essentially consisted of occupying the camp out of season without a permit, and that the fine should therefore be confined to that period of time in which a permit was required, which would exclude the period from April 1 to October 31." Id. We thus "remanded to the trial court to reconsider the fine to be imposed within this timeframe." Id.

The court issued its order on remand in August 2014. After determining the number of days for which a fine was warranted, the court reconsidered the proper level of fines, within the confines of the discretion afforded by 24 V.S.A. § 4451(a) and the NOV that was the subject of the town's complaint in this enforcement proceeding. The court applied the guidelines anew in light of this Court's remand order. It summarized the findings that it had previously made. The court explained that the per day/offense rate it used in its January 2013 decision was a rate applied to the entire period between April 2, 2011 and September 28, 2012 (546 days). The court was now applying the same considerations to a shorter timeframe. Given this, it found that the maximum fine per day/offense allowed by the enabling statute and the November 8, 2010 NOV to be the appropriate rate. The rate was based on the tremendous expenses incurred by the town in its efforts to prosecute defendant, defendant's vigorous (and unsuccessful) denial of the zoning violations, and defendant's continuing refusal to remedy those violations, including up through the day of trial. The court thus imposed total fines of $19,700, broken down as follows: $50.00 for the first day of violation (November 1, 2011); $6,000 for the sixty-day period between November 1 and December 31, 2011 (at $100 per day/offense, the maximum allowed by the enabling statute then in effect); and $13,650 for the ninety-one days between January 1 and March 31, 2012 (at $150 per day/offense, following modification of the enabling statute and reflecting the maximum rate specified in the town's NOV). This appeal followed.

Defendant first argues that the court was barred by the doctrines of collateral estoppel and res judicata from entering judgment against him. He bases this argument on the three municipal complaints filed against him by the town, which were the subject of default judgments. Defendant apparently moved to reopen two of these judgments in May 2011, and moved to reopen the third in March 2014. The Vermont Judicial Bureau denied his motions to reopen in April 2014. Defendant maintains that he could not have raised these affirmative defenses any sooner given the timing of the Judicial Bureau's ruling. He asserts that he brought this issue to the trial court's attention in his memorandum on remand. In that memorandum, defendant quoted 10 V.S.A. § 8019(b) and argued that the issuance of the municipal tickets precluded the town from seeking any additional monetary penalty for the violation specified in the citation.

We conclude that defendant waived these affirmative defenses by failing to adequately raise them below. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions

2

not raised or fairly presented to the trial court are not preserved for appeal."). The default judgments were issued by the Vermont Judicial Bureau on December 10, 2010 and January 5 and 12, 2011. The complaint in this action was filed in March 2011. Defendant could have raised the alleged preclusive effect of the judgment in his answer, but failed to do so at any time before the environmental division entered its judgment. The fact that defendant later unsuccessfully attempted to reopen the judgments does not change their finality for purposes of making his preclusion argument. Moreover, defendant did not raise the defenses of res judicata or collateral estoppel even in his memorandum on remand. Instead, he cited a statute, 10 V.S.A. § 8019(b), that does not apply to this case. The town issued its municipal tickets pursuant to 24 V.S.A. § 1974a, and it had the right to pursuant an enforcement action under 24 V.S.A. § 4451 as well.

Defendant next argues that the court erred in increasing the amount of the daily fine on remand. He suggests that the court's decision chilled his right to appeal, and is therefore impermissible. He cites North Carolina v. Pearce, 395 U.S. 711 (1969), in support of his assertion.

In Pearce, the United States Supreme Court held that "[d]ue process of law . . . requires that vindictiveness against a [criminal] defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725. The Court concluded that "[i]n order to assure the absence of such a motivation, . . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 726. The Court later partially overruled Pearce. See Alabama v. Smith, 490 U.S. 794, 801-03 (1989) (concluding that there was no presumption of vindictiveness if first sentence was imposed pursuant to guilty plea, and second sentence occurred following trial).

Even assuming that Pearce, a criminal case, has any bearing here, the trial court articulated reasonable grounds for its decision to impose a daily fine of $100 rather than $45, and there is no evidence of vindictiveness. As the court explained, it was applying the same considerations that guided its earlier ruling to a shorter timeframe. It found the $100 per day rate appropriate given the tremendous expenses incurred by the town in its efforts to prosecute defendant, defendant's vigorous (and unsuccessful) denial of the zoning violations, and defendant's continuing refusal to remedy those violations, including up through the day of trial. We note that this was not a "greatly enhanced penalty," as defendant asserts. In fact, the total penalty was less than had been imposed in the court's prior order. Defendant's second claim of error is without merit.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3