**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10357 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00477-JAM-1 |
| v. | |
| DUKE NOTTINGHAM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 12, 2016[**]
San Francisco, California

Before: D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.

Duke Nottingham appeals the district court's $15,860.59 restitution order on

remand. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nottingham contends that we should apply a presumption of vindictiveness to the increase in restitution. In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court concluded that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725. Because the "existence of a retaliatory motivation would, of course, be extremely difficult to prove in any individual case," the Court created a presumption of vindictiveness "whenever a judge imposes a more severe sentence upon a defendant after a new trial," and the reasons for the enhancement do not "affirmatively appear" in the record. *Id.* at 725 & n.20; *see Nulph v. Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003).

The Supreme Court subsequently limited the applicability of *Pearce*. *See Nulph*, 333 F.3d at 1057. The Court has clarified that a "presumption of vindictiveness does not apply in every case where a convicted defendant receives a higher sentence on retrial." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal quotation marks and alteration omitted). Instead, the *Pearce* presumption applies when "there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* (citation omitted). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* at 799–800.

2

Here, the presumption of vindictiveness does not apply.[1] The district court based its original restitution award of $7,500 per victim on the government's suggestion that such award was appropriate in light of other district court's awards and Nottingham's contesting the charge at trial. In Nottingham's prior appeal, we rejected such calculations as arbitrary. Then, an intervening Supreme Court decision[2] clarified how to calculate such restitution awards. On remand, the district court expressly applied the guidance from that intervening decision to recalculate the award. Thus, the reasons for the slight increase in overall restitution[3] "affirmatively appear" in the record, *see Pearce*, 395 U.S. at 725, and there is no "reasonable likelihood" that the increase in restitution is the product of actual vindictiveness, *see Smith*, 490 U.S. at 799. Due process does not require a presumption of vindictiveness when a district court shifts from an arbitrary restitution award to an award expressly based on intervening Supreme Court precedent.

---

[1] We assume without deciding that the *Pearce* presumption could apply to increases in restitution after a successful appeal.

[2] *Paroline v. United States*, 134 S. Ct. 1710 (2014).

[3] For one victim, Vicky, the restitution award decreased; for another, L.S., it increased. Such changes are entirely consistent with utilizing a new methodology for calculating the restitution awards.

3

Because the presumption does not apply, Nottingham must prove actual vindictiveness. *See id.* at 799–800. He does not attempt to do so.

**AFFIRMED.**