NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30196 |
| Plaintiff-Appellee, | D.C. No. 9:04-cr-00018-DWM |
| v. | |
| DONALD LEE GUY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 9, 2018**
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,*** District Judge.

Donald Guy appeals from the district court's judgment revoking his

supervised release and challenges the 40-month sentence imposed upon revocation.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Guy contends that his due process rights were violated at his revocation hearing. Specifically, Guy argues—and the government concedes—that the revocation petition provided insufficient notice "of the specific statute he is charged with violating," *United States v. Havier*, 155 F.3d 1090, 1093 (9th Cir. 1998), namely a controlled substance offense under U.S.S.G. § 4B1.2(b). As a Grade A supervised release violation, the offense exposed him to the higher advisory Sentencing Guidelines range the district court used in calculating the sentence. We review de novo whether Guy received sufficient notice of his alleged violations of supervised release "to satisfy due process incorporated by Fed. R. Crim. P. 32.1." *Havier*, 155 F.3d at 1092. We conclude that he did not.

The revocation petition in this case described conduct constituting simple possession of methamphetamine, and did not put Guy on notice that he could be adjudicated of conduct amounting to a controlled substance offense, as defined under Guidelines section 4B1.2(b), which requires the element of an intent to manufacture, import, export, distribute or dispense a controlled substance. Accordingly—notwithstanding the fact that the court heard testimony during the revocation hearing that supported a finding by a preponderance of the evidence that Guy had actually committed a controlled substance offense—Guy's due process rights were violated. *See Havier*, 155 F.3d at 1094. This violation was not

harmless because it exposed Guy to a higher Guidelines range, *see Molina-Martinez v. United State*s, 136 S. Ct. 1338, 1345 (2016), and because, had Guy received proper notice, he could have altered his strategy at the revocation hearing, *see Havier*, 155 F.3d at 1094.

Because Guy's revocation proceeding was flawed, we vacate the revocation decision and remand on an open record for amendment of the violations alleged in a new revocation petition and for a new revocation hearing. *See id.* However, in light of the government's concession of error, any new revocation sentence imposed on remand may not exceed the original 40-month sentence. *Cf. Alabama v. Smith*, 490 U.S. 794 (1989) (noting the circumstances in which an unexplained increase in sentence may give rise to the presumption of prosecutorial vindictiveness).

VACATED and REMANDED.