IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALONZO MORRIS, | § | |
| | § | No. 598, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 9408020881 |
| | § | 9408020885 |
| Plaintiff Below, | § | 9911000751 |
| Appellee. | § | |

Submitted: January 5, 2015
Decided: March 4, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 4th day of March 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm filed under Supreme Court Rule 25(a), and the Superior Court record, it appears to the Court that:

(1) The appellant, Alonzo Morris, filed this appeal from the Superior Court's order of October 8, 2014, denying his motion for correction of sentence under Superior Court Criminal Rule 35(a) ("Rule 35(a)"). The appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Morris' opening brief that the appeal is without merit. We agree and affirm.

(2)     Morris was arrested on November 1, 1999 on charges that he beat a 74-year old man in the head with a piece of pipe, causing serious injury.   On November 15, 1999, Morris was indicted on charges of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") and Assault in the First Degree (collectively "PDWDCF and Assault").

(3)     At the time of his arrest, Morris was serving probation in five criminal cases, four from 1994[1] and one from 1996.[2]   After Morris' arrest on November 1, 1999, Probation and Parole filed a violation report.   Thereafter, a violation of probation ("VOP") hearing was scheduled for December 10, 1999 on VOP charges in the four 1994 cases.    In the interim, however, Morris was indicted on PDWDCF and Assault.   Therefore, on December 7, 1999, the Prothonotary, at the request of Probation and Parole, removed the 1994 cases from the VOP hearing calendar, and the Superior Court deferred

---

[1] *See* docket at 5, *State v. Morris*, Del. Super., Cr. ID No. 9403018317 (June 21, 1994) (sentencing on Resisting Arrest conviction); *see* docket at 7, *State v. Morris*, Del. Super., Cr. ID No. 9403019321 (June 21, 1994) (sentencing on Theft < $500 conviction); *see* docket at 12, *State v. Morris*, Del. Super, Cr. ID No. 9408020881 (Jan. 4, 1995) (sentencing on Burglary in the Second Degree conviction); *see* docket at 14, *State v. Morris*, Del. Super., Cr. ID No. 9408020885 (Jan. 4, 1995) (sentencing on Kidnapping in the Second Degree conviction).

[2] *See* docket at 17, *State v. Morris*, Del. Super., Cr. ID No. 9606013452 (April 18, 1997) (sentencing on Assault in the Second Degree conviction).

further action on the VOP charges in those cases until after the disposition of the PDWDCF and Assault charges and the VOP charge in the 1996 case.

(4)  In March 2000, a Superior Court jury convicted Morris of PDWDCF and Assault. On May 5, 2000, after a presentence investigation, the Superior Court sentenced Morris to a total of thirty years at Level V (twenty years mandatory), suspended after twenty-seven years for six months of Level IV work release followed by two years and six months of Level III probation. Also on May 5, 2000, because the jury had convicted Morris of PDWDCF and Assault, the Superior Court convicted Morris of VOP in the 1996 case and sentenced him to five years and three months at Level V. On appeal, this Court vacated all of the convictions and sentences and remanded for further proceedings.[3]

(5)  Morris was retried and convicted in November 2002 for PDWDCF and Assault and again was sentenced, on December 19, 2002, to a total of thirty years at Level V (twenty years mandatory), suspended after twenty-seven years, for six months of Level IV work release followed by two years and six months of Level III probation. And on December 19, 2002, because the jury had convicted Morris of PDWDCF and Assault, the

---

[3] *Morris v. State*, 795 A.2d 653 (Del. 2002) (reversing convictions and sentences based on two findings of prosecutorial misconduct at trial).

Superior Court again convicted Morris of VOP in the 1996 case and imposed five years and three months at Level V. Furthermore on December 19, 2002, the Superior Court disposed of the deferred and still pending VOP charges in the four 1994 cases. In two cases the court discharged the probation as unimproved, and in two cases the court found Morris guilty of VOP and sentenced him to a total of eighteen months at Level V.[4] On appeal from all of the convictions and sentences, this Court affirmed.[5]

(6) On August 22, 2013, Morris filed a motion for correction of sentence under Rule 35(a). Morris claimed that the sentence imposed on December 19, 2002 for PDWDCF and Assault exceeded the sentence imposed on May 5, 2000 and therefore was "presumptively vindictive" under the United States Supreme Court Opinion in *North Carolina v. Pearce*[6] and this Court's Opinion in *Jacobs v. State*.[7] By order dated

---

[4] *See* docket at 25, *State v. Morris*, Del. Super., Cr. ID No. 9408020881 (Dec. 20, 2002) (convicting defendant of VOP and imposing twelve month sentence); *see* docket at 23, *State v. Morris*, Del. Super., Cr. ID No. 9408020885 (Dec. 20, 2002) (convicting defendant of VOP and imposing six month sentence).

[5] *Morris v. State*, 2004 WL 439881 (Del. Mar. 3, 2004).

[6] *North Carolina v. Pearce*, 395 U.S. 719 (1969).

[7] *See Jacobs v. State*, 358 A.2d 725, 730 (Del. 1976) (quoting *North Carolina v. Pearce*, 395 U.S. 719, 726 (1969):

> [I]t is clear that the Due Process clause of the Fourteenth Amendment has now been construed to require that where the second sentence upon retrial in a state court is greater

4

October 8, 2014, the Superior Court denied the motion, finding that Morris' vindictive sentence claim lacked merit, because the sentence imposed on December 19, 2002 for PDWDCF and Assault did not exceed the sentence imposed on May 5, 2000.

(7) Under Rule 35(a), a motion to correct a sentence imposed in an illegal manner must be filed within ninety days of sentencing.[8] A motion filed more than ninety days after sentencing will be considered "only in extraordinary circumstances."[9]

(8) Having considered the parties' positions and the record on appeal, this Court has concluded that the Superior Court's order of October 8, 2014 denying Morris' motion for correction of sentence should be affirmed. Procedurally, the motion is barred under Rule 35(a) because it was filed in August 2013, more than ten years after Morris' December 2002

---

than the first 'the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.'

*But cf. Wescott v.* State, 2009 WL 3282707, at *7 (Del. Oct. 13, 2009) (citing *Alabama v. Smith*, 490 U.S. 794 (1989) (holding that no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial)).

[8] Del. Super. Ct. Crim. R. 35(a), (b). *Cf. Winn v. State*, 1998 WL 515166, at *2 (Del. July 6, 1998) (concluding that motion alleging illegal sentence due to procedural due process violations was subject to time limitation in Rule 35).

[9] Del. Super. Ct. Crim. R. 35(a), (b).

sentencing, and Morris has not demonstrated "extraordinary circumstances." Substantively, the vindictive sentence claim is without merit. The sentences imposed on December 19, 2002 for Morris' convictions on PDWDCF and Assault and the VOP conviction in the 1996 case were the same as those imposed on May 5, 2000. The eighteen month difference between the sentences imposed on May 5, 2000 and those imposed on December 19, 2002 is due to the eighteen months that properly were imposed on December 19, 2002 on the deferred but still pending VOP charges in the 1994 cases.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice