COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Chafin and Senior Judge Clements
Argued at Lexington, Virginia


JOHN WAYNE SMITH
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0231-17-3                      JUDGE TERESA M. CHAFIN
                                                    JULY 17, 2018
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF DICKENSON COUNTY
                            Henry A. Vanover, Judge

        Gregory M. Kallen for appellant.

        Leah A. Darron, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Following a jury trial, the Circuit Court of Dickenson County ("circuit court") convicted

John Wayne Smith of five counts of aggravated sexual battery and five counts of taking indecent

liberties with a child.  On appeal, Smith contends that the circuit court erred by refusing to quash

all but four of the indictments against him due to prosecutorial vindictiveness.  For the following

reasons, we affirm the circuit court's decision.

                                    I.  BACKGROUND

        "In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

the Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the evidence is as follows.

The offenses at issue arose from Smith's alleged sexual abuse of H., his six-year-old stepdaughter. In February of 2016, H. told one of Smith's friends that she and Smith had a "secret." She then made masturbatory hand gestures and told the friend that Smith made her "do this to his wiener." The friend reported H.'s statements to the police. H. later told a police investigator that she "played" with Smith's "wee-wee," and she made similar hand gestures to describe her actions. H. told the police investigator that she had engaged in this conduct fifteen times and that Smith gave her a toy or gift after each occurrence.

Smith was originally charged with ten criminal offenses based on H.'s statements.[1] Before the Juvenile and Domestic Relations District Court of Dickenson County ("JDR court") held a preliminary hearing on Smith's initial charges, however, Smith was indicted by a grand jury on two counts of aggravated sexual battery and two counts of taking indecent liberties with a child.[2] After the grand jury returned the four-count indictment, the JDR court dismissed Smith's initial ten charges at the conclusion of a preliminary hearing. Smith then filed a motion to quash the four-count indictment because it was returned by the grand jury before his preliminary

---

[1] The record does not contain any documents from the juvenile and domestic relations district court pertaining to these offenses. The circuit court's August 16, 2016 order addressing Smith's motion to quash, however, states that Smith was "originally charged in the Dickenson County Juvenile and Domestic Relations Court with ten counts of aggravated sexual battery and lewd and lascivious behavior." The order also states that these charges were "dismissed at preliminary hearing." At the hearing on Smith's motion to quash, both parties agreed that Smith was originally charged with ten offenses. In his appellate brief, Smith concedes that these ten offenses included five counts of aggravated sexual battery and five counts of taking indecent liberties with a child.

[2] The circuit court's August 16, 2016 order regarding Smith's motion to quash incorrectly stated that the grand jury initially returned six indictments against Smith. The record, however, established that the grand jury only returned four indictments against him.

hearing in violation of Code § 19.2-218. The circuit court dismissed the four-count indictment "due to the failure of the Commonwealth to show [that the charges] were substantially different than the original charges, which were still pending at the time of the indictment."

On the day after the circuit court dismissed the four-count indictment, the Commonwealth reconvened the grand jury. The grand jury subsequently returned a thirty-count indictment against Smith charging him with fifteen counts of aggravated sexual battery and fifteen counts of taking indecent liberties with a child. Smith filed a motion to quash this indictment on the grounds of prosecutorial vindictiveness. Smith argued that the new indictment penalized him for challenging the initial charges against him, and therefore, had the appearance of vindictiveness.[3] Smith maintained that such vindictive prosecution violated his constitutional due process rights, and requested the circuit court to quash the entire thirty-count indictment. Alternatively, Smith requested the circuit court to quash twenty-six of the new charges and proceed only on the four charges on which he was originally indicted.

The Commonwealth responded that H. claimed Smith sexually abused her on fifteen different occasions. The Commonwealth then explained that it pursued one charge of aggravated sexual battery and one charge of taking indecent liberties with a child for each of H.'s allegations of sexual abuse. As "the charges fit what the allegations [were] from the beginning," the Commonwealth denied any vindictiveness and maintained that the thirty-count indictment was appropriate.

---

[3] The circuit court held a hearing on Smith's motion to quash on June 28, 2016. Although the transcript of this hearing was not included in the appendix filed in this case, it is contained in the record, and therefore, may be considered by this Court on appeal. See Rule 5A:25(h).

After considering the arguments of the parties,[4] the circuit court concluded that the thirty-count indictment had the appearance of vindictiveness. The circuit court specifically noted that the thirty new charges "came the very next day, following a ruling on a motion that was granted for [Smith]." The circuit court determined that the timing of the indictment and the quantity of the new charges may have suggested prosecutorial retaliation. The circuit court, however, refused to quash the entire thirty-count indictment. Instead, the circuit court quashed twenty counts of the thirty-count indictment and allowed the Commonwealth to proceed on the remaining ten counts. The circuit court noted that it could not "infer any type of improper motivation on the Commonwealth's part" in pursuing the original ten charges against Smith, and directed the Commonwealth to proceed on those charges.

Following a jury trial, Smith was convicted of each of the remaining ten charges of the thirty-count indictment and sentenced to seventy-five years of active incarceration. This appeal followed.

## II. ANALYSIS

On appeal, Smith contends that the circuit court erred by refusing to quash all but four of the charges against him due to prosecutorial vindictiveness. Smith argues that the thirty-count indictment obtained by the Commonwealth on the day following the dismissal of his prior charges impermissibly punished him for challenging the original four-count indictment. While Smith acknowledges that the circuit court quashed twenty of the thirty counts of the second indictment based on the appearance of vindictiveness, he argues that the circuit court should

---

[4] Neither party presented evidence at the hearing on Smith's motion to quash the thirty-count indictment.

have dismissed six additional counts of the indictment because he was initially indicted on only four offenses. Upon review, we conclude that Smith's argument is without merit.

"[I]t is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." Barrett v. Commonwealth, 41 Va. App. 377, 391, 585 S.E.2d 355, 362 (2003) (quoting Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989)), aff'd, 268 Va. 170, 597 S.E.2d 104 (2004). Such discretion, however, is not unlimited. See Leonard v. Commonwealth, 39 Va. App. 134, 142, 571 S.E.2d 306, 310 (2002). "Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints." Barrett, 41 Va. App. at 391, 585 S.E.2d at 362 (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)). "[A] prosecutor may not punish a defendant for doing 'what the law plainly allows him to do' or retaliate against him for relying on his legal rights. Such punishment or retaliation constitutes 'a due process violation of the most basic sort.'" Leonard, 39 Va. App. at 142, 571 S.E.2d at 310 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)).

Prosecutorial retaliation arising from a defendant's successful attack of the charges against him is prohibited. See generally Blackledge v. Perry, 417 U.S. 21, 28 (1974); North Carolina v. Pearce, 395 U.S. 711, 725 (1969). Furthermore, "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of [his constitutional rights], due process also requires that a defendant be freed of *apprehension* of such a retaliatory motivation." See Pearce, 395 U.S. at 725 (emphasis added); see also Blackledge, 417 U.S. at 28. "[W]e must reverse a conviction that is the result of a vindictive prosecution where the facts show an actual vindictiveness or a sufficient likelihood of vindictiveness to warrant such a presumption." Barrett, 41 Va. App. at 396, 585 S.E.2d at 365.

"A finding of actual vindictiveness occurs only in a rare case as it would require a defendant to produce direct evidence, such as evidence of a vindictive statement made by a prosecutor." Id. An appearance of vindictiveness, however, may occur under circumstances "in which there is a 'reasonable likelihood,' that the conduct at issue 'is the product of actual vindictiveness on the part' of the acting authority.'" Id. at 397, 585 S.E.2d at 365 (quoting Alabama v. Smith, 490 U.S. 794, 799 (1989)). "This [C]ourt examines the prosecutor's conduct in light of the entire proceedings to determine whether it gives rise to a presumption of vindictiveness." Id. "We review a trial court's factual findings on prosecutorial vindictiveness for plain error, but we review its legal analysis *de novo*." Id. at 392, 585 S.E.2d at 363.

In the present case, the record does not contain any evidence establishing that the Commonwealth acted with actual prosecutorial vindictiveness when it obtained the thirty-count indictment against Smith. As the Commonwealth explained, "the charges fit what the allegations [were] from the beginning." H. initially reported that Smith abused her on fifteen different occasions, and the Commonwealth brought two charges against Smith for each instance of abuse, resulting in the thirty-count indictment at issue. The circuit court's decision to quash twenty counts of the thirty-count indictment was not based on actual prosecutorial vindictiveness, but rather on the appearance of such retaliatory motivation.

The circuit court concluded that the thirty-count indictment had the appearance of vindictiveness due to the timing of the indictment and the quantity of the newly charged offenses.[5] The circuit court, however, only quashed twenty counts of the indictment because the Commonwealth initially charged Smith with ten offenses. Under these circumstances, the circuit

---

[5] We do not decide whether the circuit court was correct in doing so as that issue is not before us in this appeal.

court determined that ten counts of the thirty-count indictment were free from the appearance of vindictiveness.

The record of this case established that the Commonwealth originally intended to charge Smith with at least ten offenses based on the sexual abuse of H. Although Smith was initially indicted on only four offenses, ten additional charges were pending against Smith when the Commonwealth obtained the four-count indictment. The JDR court dismissed the original ten charges against Smith at the conclusion of a preliminary hearing, and the circuit court dismissed the four-count indictment on procedural grounds. The Commonwealth then obtained the thirty-count indictment to allegedly punish Smith for challenging the previously charged offenses.

As the Commonwealth initially intended to charge Smith with ten offenses, its decision to charge ten counts of the thirty-count indictment was not influenced by a vindictive motive. The decision to charge Smith with ten offenses preceded the dismissal of the charges against him, the action allegedly requiring vindication. Furthermore, as the Commonwealth intended to charge Smith with ten offenses at the outset of the proceedings, the circuit court's refusal to quash ten counts of the thirty-count indictment left Smith in the same position he was in before he challenged the initial charges against him. Thus, Smith did not face additional or more severe charges as a result of the exercise of his legal rights. See id. at 397-98, 585 S.E.2d at 365.

While the indictment of Smith on twenty additional charges following his successful challenge of the prior charges against him may have had the appearance of vindictiveness, the Commonwealth did not act in a retaliatory manner by simply proceeding on the original charges against him. Accordingly, the circuit court did not err by refusing to quash ten counts of the thirty-count indictment against Smith due to prosecutorial vindictiveness.

## III.  CONCLUSION

For the reasons stated, we affirm the circuit court's decision and Smith's convictions.

<u>Affirmed.</u>