**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3217
_____

United States of America

v.

Michael Millan-Miranda,

Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 1-15-cr-00181-004)
District Judge:  Honorable John E. Jones

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 9, 2019

(Opinion filed: March 5, 2020)

Before:  McKEE, ROTH and RENDELL, Circuit Judges

**RENDELL**, <u>Circuit Judge</u>:

Michael Millan-Miranda urges that the District Court abused its discretion in sentencing him for three reasons. First, he contends that he should have been given a departure for being a minor or minimal participant pursuant to U.S.S.G. § 3B1.2. Second, he contends that the firearm enhancement was improperly applied to him. Third, he contends that, because other co-conspirators were not given the firearm enhancement, it should not have been used to enhance his sentence.

Millan-Miranda urges that his relatively minor offense conduct rendered him a minor or minimal participant in the overall conspiracy. But, as a street-level dealer himself, Millan-Miranda "directly engaged in the very act at the heart of the criminal enterprise—namely, the distribution of drugs in exchange for money." *United States v. Self*, 681 F.3d 190, 201 (3d Cir. 2012). While he may not have been a manager, nonetheless, he was not one of the least culpable members of the conspiracy.

Regarding the application of the enhancement for possession of a dangerous weapon, again, Millan-Miranda disputes the factual basis for this enhancement. U.S.S.G. § 2D1.1(b)(1) provides for a two-level increase when "a dangerous weapon (including a firearm) was possessed." The Application Note to the subsection states that "[t]he

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n.11(A). In *United States v. Drozdowski*, we listed the factors that should be evaluated in determining whether the connection between the gun and drugs was clearly improbable, including "(1) the type of gun involved . . . , (2) whether the gun was loaded . . . , (3) whether the gun was stored near the drugs or drug paraphernalia . . . , and (4) . . . whether the gun was accessible." 313 F.3d 819, 822–23 (3d Cir. 2002) (citations omitted). Here, nineteen firearms were recovered in the garage frequented by Millan-Miranda, and one of the three pistols recovered was located in a room used for the manufacturing, mixing, and packaging of the drugs. In fact, the pistol was located with the packaging materials and paraphernalia. Given this, the District Court easily could have found that the firearms connection to the offense was not clearly improbable.

Millan-Miranda's final argument, that he should not have been given the enhancement when other co-defendants were not, similarly fails. We have noted that Congress's goal in enacting 18 U.S.C. § 3553(a)(6) was to promote uniformity across the country, not uniformity as among defendants in the same case. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Moreover, as Millan-Miranda concedes, co-defendants who pled guilty can be sentenced differently from those who are being sentenced after trial. *See Alabama v. Smith*, 490 U.S. 794, 802 (1989) ("A guilty plea may justify leniency . . . .") (citing *Brady v. United States*, 397 U.S. 742, 752 (1970)). Accordingly, we will affirm the sentencing order of the District Court.

3