IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80397-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| MARIA GONZALES ESQUIVEL, | UNPUBLISHED OPINION |
| Appellant. | |

LEACH, J. — Maria Gonzales Esquivel previously appealed her indeterminate life sentence for domestic violence rape in the second degree. We remanded for a determinate sentence. On remand, the trial court sentenced Esquivel to 372 months. She appeals and contends the State violated her right to due process and engaged in presumptive prosecutorial vindictiveness when it recommended a sentence double the length of its original recommendation. We disagree and affirm.

BACKGROUND

On February 19, 2015, a jury convicted Maria Gonzales Esquivel of three counts of domestic violence assault in the second degree, one count of domestic violence assault in the first degree, and one count of domestic violence rape in the second degree for a lengthy campaign of physical and mental abuse of

Citations and pin cites are based on the Westlaw online version of the cited material.

members of the Chagoya family and her daughter.[1]  The judgment and sentence included the standard range of 185 to 245 months for domestic violence rape in the second degree.  The trial court imposed life sentences for the first degree assault and second degree rape charges.  It also imposed a lifetime no-contact order protecting the victims and a 20-year no-contact order protecting her daughter.

On appeal to this court, we affirmed Esquivel's convictions.  But, we remanded the no-contact order protecting her daughter because the trial court did not articulate a sufficient basis for imposing a no-contact order of that length. We also accepted the State's concession that the trial court erred in imposing a life sentence for first degree assault, and we remanded to correct that error.

On November 13, 2017, the trial court corrected the no-contact order protecting her daughter by shortening the order to 13 years or until her daughter reached the age of 21 and could petition to lift the no-contact order.  The trial court corrected the sentencing error by imposing an exceptional sentence of 480 months for first degree assault.  The trial court imposed an exceptional sentence above the standard range of 209-277 months because it determined, "The defendant's acts were part of an ongoing pattern of psychological, physical or sexual abuse manifested deliberate cruelty to the victim and had a destructive and foreseeable impact on persons other than the victim."  Hoping to prevent

---

[1] State of Washington v. Maria Gonzales Esquivel, No. 73411-3-I, slip op. (Wash. Ct. App. Mar. 6, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/734113.pdf.

future litigation, the State also asked the trial court resentence Esquivel on the second degree rape conviction. The trial court denied this request.

On Esquivel's second appeal to this court,[2] we affirmed the 13-year no-contact order protecting her daughter. We accepted the State's sentencing concession and remanded for entry of a determinate sentence for the domestic violence second degree rape conviction.

On remand, the State explained it "previously recommended 185 months" for the domestic violence second degree rape conviction. The State asked the trial court to impose a determinate sentence of 372 months.

> In this case, the defendant is 54 years old. She has a life expectancy of 85 years, which results in 31 years remaining. To effectuate the court's intent of a LIFE sentence, the court could impose 372 months on the Rape 2nd Degree-DV, if it chooses to follow the life expectancy tables. However, the court is not required to go by the actuary tables and has the ability to impose 99 years based upon the aggravating circumstances found by the jury, if it so chooses.

Esquivel argued 372 months was "excessive and leaves no room for any form of rehabilitation whatsoever or use of risk assessment tools."

On August 26, 2019, the trial court imposed a 372-month sentence for the domestic violence second degree rape conviction. The trial court considered Esquivel's sentences for the first and second degree assault convictions and its original intent to impose a life sentence for the rape conviction.

---

[2] State of Washington v. Maria Gonzales Esquivel, No. 77723-8-I, slip op. (Wash. Ct. App. Apr. 22, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/777238.pdf.

[S]he's already facing life in prison without parole, I'm sure. So, no matter what I do here, I don't think it's going to make any difference. But what I intended initially was that she serve life, so it's still an indeterminate life sentence. I agree with the State's analysis of the life expectancy, so the minimum term will be 372 months.

The trial court adopted the same reasoning as it followed for the first degree assault sentence stating, "The defendant's acts were part of an ongoing pattern of psychological, physical or sexual abuse, manifested deliberate cruelty to the victim, and had a destructive and foreseeable impact on persons other than the victim." And, it added "[t]he defendant acted in a position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense."

Esquivel appeals.

ANALYSIS

Esquivel argues the State violated her right to due process and engaged in presumptive prosecutorial vindictiveness on remand when it recommended 372 months instead of its original recommendation of 185 months for second degree rape. We disagree.

The due process clause of the Fourteenth Amendment to the U.S. Constitution prohibits trial courts and prosecutors from "vindictiveness against a defendant for having successfully attacked his first conviction."[3] Under North Carolina v. Pearce, a court presumes vindictiveness in certain

---

[3] Bordenkircher v. Hayes, 434 U.S. 357, 362, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) (quoting North Carolina v. Pearce, 395 U.S. 711, 725, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656 (1969), (citing Blackledge v. Perry, 417 U.S. 21, 27, 94 S. Ct. 2098, 2102, 40 L. Ed. 2d (1974)).

4

circumstances where a new sentence is harsher than the original.[4] "The due process clause is not offended by all possibilities of increased punishment upon retrial after appeal but only those that pose a realistic likelihood of vindictiveness."[5]

In State v. Brown, our Supreme Court observed, "While it is possible that the prosecution decided to recommend the original sentence as an exceptional sentence out of spite, the presumption [of vindictiveness] does not apply simply because there is an opportunity for vindictiveness. There must be a realistic likelihood of vindictiveness."[6] The Brown court determined during resentencing the presumption of prosecutorial vindictiveness does not apply because the "State merely recommends what it believes to be an appropriate sentence" and the "trial court determines what sentence is appropriate."[7]

Here, the State did not violate Equivel's right to due process and the presumption of prosecutorial vindictiveness does not apply. The trial court had rejected the State's recommendation at the earlier sentencing hearing. On remand, the State only suggested how the trial court could lawfully impose the same life sentence it previously imposed. The trial court observed its sentencing

---

[4] North Carolina v. Pearce, 395 U.S. 711, 723, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656 (1969); Alabama v. Smith, 490 U.S. 794, 795, 798, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); United States v. Goodwin, 457 U.S. 368, 373, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982); Blackledge v. Perry, 417 U.S. 21, 26-28, 94 S. Ct. 2098, 2102, 40 L. Ed. 2d (1974).

[5] State v. Brown, 193 Wn.2d 280, 294, 440 P.3d 962 (2019) (citing Blackledge, 417 U.S. at 28-29)).

[6] Brown, 193 Wn.2d at 295.

[7] Brown, 193 Wn.2d at 296.

decision would have no practical consequence because Esquivel's sentences for the first and second degree domestic violence assault convictions were essentially life sentences. Ultimately, it was the trial court's decision, and not the State's decision, to impose 372 months for the second degree rape conviction. It did so to achieve with a determinate sentence the same sentence for the same crime that it intended with the earlier indeterminate sentence. Because the presumption of prosecutorial vindictiveness does not apply in this context, we affirm.

## CONCLUSION

Esquivel has not shown presumptive prosecutorial vindictiveness. We affirm.

_Leach, J._

WE CONCUR:

_Andrus, A.C.J._          _Mann, C.J._

6