**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6448

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

LANCE WHITAKER,

　　　　Defendant – Appellant.

Appeal from the United States District Court for Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:09-cr-00091-D-1)

Argued: May 3, 2022　　　　　　　　　　　　　　　Decided: June 3, 2022

Before AGEE, RICHARDSON and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Agee and Judge Richardson joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

In this appeal, Lance Whitaker contends his sentence should be vacated due to the vindictiveness of the district court. The thrust of the challenge is that the court increased his period of supervised release after his previous sentence was vacated. Because the district court failed to explain why it increased the amount of Whitaker's term of supervised release after his prior sentence was vacated, we vacate and remand.

## I.

Whitaker pled guilty to conspiring to distribute or possess with intent to distribute 50 grams of more of cocaine base. Applying a career offender enhancement, the district court sentenced him to 276 months' imprisonment and ten years' supervised release. In 2019, after Congress made the First Step Act retroactive, Whitaker moved for a reduction in his term of imprisonment.

The district court partially granted Whitaker's motion, reducing his term of imprisonment from 276 months to 240 months and reducing his term of supervised release from ten years to eight years. The district court granted this reduction through a check-the-box order which stated that the court had considered the 18 U.S.C. § 3553(a) factors to the extent they are applicable.

Whitaker then appealed this new sentence, challenging his career offender enhancement. We granted the government's unopposed motion to remand so the district court could reconsider Whitaker's First Step Act motion in light of our decision in *United*

3

*States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). Order, *United States v. Whitaker*, No. 20-6468 (4th Cir. 2020), ECF No. 20.

On remand, the United State Probation Office prepared an amended presentence report, which, after removing the career offender designation, calculated the Federal Sentencing Guidelines range to be 262 to 327 months. Whitaker submitted a sentencing memorandum, agreeing with the probation officer's calculation, but arguing for a downward departure of 194 months' imprisonment and a further reduction in his supervised release term to four years. He explained that, with the elimination of the career offender enhancement, he had already served "a great portion" of the sentence he initially received. J.A. 103. The United States filed a response, taking no position on Whitaker's request for a further reduction but agreeing with the Probation Office and Whitaker that the career offender enhancement no longer applied.

In response, the district court issued a thorough order. Applying *Chambers*, it removed Whitaker's career offender designation. It then reviewed Whitaker's extensive record of criminal activity, recidivism and probation violations. In addition, the court considered certain positive steps that Whitaker took while he was incarcerated. At the same time, after applying the 18 U.S.C. § 3553(a) factors, the court "decline[d] to further reduce [his] sentence below 240 months' imprisonment or to change his 10 year term of supervised release." J.A. 119–20; *see also* J.A. 51–52, 116. Thus, while the district court imposed the same term of imprisonment—240 months—Whitaker's term of supervised release actually increased from eight to ten years. The court did not acknowledge or explain the two-year increase in the period of supervised release and suggested that it declined to change the

4

supervised release period. Neither party advised the district court of this potential mistake. Whitaker then appealed, arguing the increased term of supervised release demonstrates vindictiveness that requires his sentence be vacated. We have jurisdiction under 28 U.S.C. § 1291.

II.

"If a sentencing court increases a sentence on remand, the reasons for the court doing so must affirmatively appear." *United States v. Abed*, 3 F.4th 104, 114 (4th Cir. 2021) (quoting *United States v. Ventura*, 864 F.3d 301, 310 (4th Cir. 2017) (cleaned up)). The explanation "need not be elaborate or lengthy," but the appellate court must be able to discern the sentencing court's reasons. *United States v. Carter*, 564 F.3d 325, 329–30 (4th Cir. 2009) (internal quotation marks omitted). If the court "does not explain its reasons for a sentence increase, 'a presumption arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by objective information . . . justifying the increased sentence.'" *Ventura*, 864 F.3d at 310 (quoting *Alabama v. Smith*, 490 U.S. 794, 798–99 (1989) (omission in *Smith*)).

Here, the district court did not explain the increase in the period of supervised release, or even acknowledge it. To the contrary, the court merely stated that it "*declines* to further reduce Whitaker's sentence below 240 months' imprisonment or *to change* his 10 year term of supervised release." J.A. 119. But, in its previous order, the district court

5

had reduced his term of supervised release to eight years.[1] It is not apparent to us whether, upon reviewing the record again on remand, the court felt a greater period of supervised release was warranted or whether it overlooked the fact that it had previously reduced the period of supervised release from ten to eight years. Accordingly, we vacate and remand to the district court for resentencing to either provide an explanation or impose the same eight-year term of supervised release.[2]

### III.

Whitaker also asks that we reassign the case to a different judge on remand. *See United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019) (discussing factors we consider in deciding whether to reassign a case). Although the district court has not adequately explained his imposition of the term of supervised release, considering the record as a whole and the factors set forth in *McCall*, we deny the motion to reassign this case to a different district judge on remand.

---

[1] The government likewise has not pointed to any objective information that appears affirmatively on the record that justifies or explains the increased sentence. Instead, it argues "the most reasonable explanation for the increased supervised release term" is "that it was the natural consequence of the district court conducting a new, comprehensive analysis and concluding that ten years' supervised release was more appropriate than eight years." Gov't Br. 13. In the alternative, the government argues that the district court might have just been confused and acknowledges that the district court gave an "erroneous explanation of Defendant's guidelines range for supervised release." *Id*. at 13 n.7.

[2] Because we choose to remand for resentencing based on this unexplained increase, we do not address Whitaker's additional argument that his sentence was procedurally unreasonable because the district court allegedly stated that the government opposed his motion on resentencing when the government took no position.

IV.

Accordingly, for the foregoing reasons the judgment of the district court is

*VACATED AND REMANDED.*